**RIDGE GOLD STANDARD LIQUORS, INC., and Cheese Chalet I, Ltd., Illinois corporations, Plaintiffs,**

v.

**JOSEPH E. SEAGRAM & SONS, INC., an Indiana corporation; Federated Distributors, Inc., an Illinois corporation; Capitol Wine and Liquor Co., a partnership; Benjamin Klein; and Sidney Friedman, Defendants.**

No. 82 C 89.

United States District Court, N.D. Illinois, E.D.

Oct. 17, 1983.

Allen H. Schultz, Jay L. Schultz, Schultz & Schultz, Chicago, Ill., for plaintiffs.

James E. Hastings, Ernest Summers III, Chadwell, Kayser, Ruggles, McGee, & Hastings, Ltd., Eugene E. Gozdecki, P. Terrence Beuhler, Mayer, Brown & Platt, Harvey M. Silets, Shelly B. Kulwin, Silets & Martin, Ltd., Louis L. Biro, Chicago, Ill., for defendants.

## MEMORANDUM

LEIGHTON, District Judge.

This suit is an antitrust action against defendants Joseph E. Seagram & Sons, Inc., Federated Distributors, Inc., Capitol Wine and Liquor Co., Benjamin Klein, and Sidney Friedman. The cause is before the court on defendants' motion for summary judgment against plaintiffs Ridge Gold Standard Liquors, Inc., and Cheese Chalet I, Ltd. For the following reasons, the court grants the motion.

### I.

The original complaint in this action was filed on January 6, 1982 by the law firm of Schultz & Schultz on behalf of Vogt's Wine Shop, Inc., and a class it purports to represent, putatively consisting of wholesale purchasers of Seagram products who make retail sales in Cook County, Illinois. The court, however, has yet to consider whether a class should be certified in this case pursuant to Rule 23, Fed.R.Civ.P. At this stage, therefore, only named parties are before the court. It is alleged that defendants have violated the antitrust laws by conspiring to fix prices charged retailers by wholesale distributors of Seagram products in the Chicago area. Shortly after this suit was filed, Mr. Sonny Vogt, the sole owner of Vogt's Wine Shop, which was then the only named plaintiff, informed Schultz & Schultz that his company no longer wished to proceed with this litigation. The law firm, however, never took steps to withdraw Vogt's Wine Shop as a named plaintiff to this suit. On March 23, 1983, this court, in light of the obvious aversion of

Vogt's Wine Shop to remaining a party, dismissed it from this suit.

But this did not entirely dispose of the case. Anticipating the dismissal, Schultz & Schultz had filed on November 5, 1982 an amended complaint, containing the same allegations, which in addition to Vogt's Wine Shop, named as plaintiffs Ridge Gold Standard Liquors, Inc., and Cheese Chalet I, Ltd. At that time, these two plaintiffs had recently received a voluntary order of dismissal from *Skokie Gold Standard Liquors, et al. v. Joseph E. Seagram & Sons, Inc., et al.*, a case pending in this district before Judge Milton Shadur. That action was commenced on April 29, 1981 when Schultz & Schultz, the same law firm representing plaintiffs in this case, filed suit on behalf of a chain of eleven retail liquor stores which includes Ridge Gold and Cheese Chalet I. The stock of these stores, each of which is separately incorporated, is held by a parent corporation, Gold Standard Enterprises, Inc. In turn, ninety percent of the stock of the parent corporation is owned by Harold Binstein and his brother-in-law, Bernard Greenfield; the remaining ten percent is held by Mr. Binstein's father. Harold Binstein is the president and chief executive officer of the parent corporation and of each of the stores. His position enables him to dominate and control their affairs. He devises and implements the purchasing, marketing, and advertising strategies of each of the companies; these decisions are coordinated in such a manner that the stores are operated as a single, integrated enterprise. The stores, for instance, purchase products from wholesale distributors as a collective.

The defendants named in *Skokie Gold* are also sued in this case. Furthermore, plaintiffs in that suit claim that they have suffered antitrust injuries as a consequence of a price-fixing scheme, supposedly perpetrated by these defendants, which is identical to the conspiracy alleged in this case.

Ridge Gold, Cheese Chalet I and their sister stores sought a preliminary injunction shortly after *Skokie Gold* was filed. Following a five-day hearing that ended in August of 1981, Judge Shadur denied their request for preliminary injunctive relief. Ridge Gold and Cheese Chalet I, along with the other plaintiffs in *Skokie Gold,* entered into an agreement whereby they expressly waived their right to a jury trial and any claim as a result, they limited themselves to injunctive relief.

In May 1982, after it became apparent that Vogt's Wine Shop desired to withdraw as plaintiff in this action, Schultz & Schultz filed a motion in *Skokie Gold* requesting that plaintiffs in that action be allowed to amend the complaint to include class-action allegations or, in the alternative, that Ridge Gold and Cheese Chalet I be voluntarily dismissed so that they might serve in the capacity of named plaintiffs, and as representatives of the putative class, in the suit pending before this court. Expressing concern over the integrity of the random case-assignment system employed in this district, Judge Shadur denied the motion to amend the complaint in *Skokie Gold* to include class action allegations when such a complaint already was before this court. But on June 30, 1982 the judge granted the alternative motion, thereby allowing Ridge Gold and Cheese Chalet I to dismiss themselves voluntarily from *Skokie Gold.* In entering the order of dismissal, Judge Shadur noted that Ridge Gold and Cheese Chalet I remain bound by their previous waivers of damages and the right to a jury trial; he further emphasized that his order reserved to this court the decision whether these two plaintiffs can properly proceed in this action. Consequently, Ridge Gold and Cheese Chalet I were added as named plaintiffs to the amended complaint filed in this suit on November 5, 1982. Defendants have filed a motion for summary judgment, arguing that considerations of wise judicial administration warrant the dismissal of this action.

## II.

It is well recognized that a federal district court has the inherent power to administer its docket in a manner that conserves scarce judicial resources and pro-

motes the efficient and comprehensive disposition of cases. *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976); *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952); *Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 165, 81 L.Ed. 153 (1936). This concern with "wise judicial administration" is such that in appropriate instances a district court may avoid wasteful, repetitive litigation by dismissing an action before it when a parallel suit is pending in another court. *Colorado River,* 424 U.S. at 817–818, 96 S.Ct. at 1246–1247. Whereas only exceptional circumstances justify a federal court's refusal to exercise its jurisdiction in deference to a concurrent proceeding in a state court, a federal suit may be dismissed for reasons of wise judicial administration, as a general rule, whenever it is duplicative of a parallel action already pending in another federal court. *Id.; Calvert Fire Ins. Co. v. Am. Mut. Reinsurance Co.,* 600 F.2d 1228, 1233 (7th Cir.1979); *Complaint of Bankers Trust Co. v. Chatterjee,* 636 F.2d 37, 40 (3d Cir.1980).[1]

■ The irrationality of tolerating duplicative litigation in the federal system is all the more pronounced where, as here, two federal judges sitting on the same district court are, if defendants' characterization proves true, devoting scarce judicial resources to the adjudication of the same charges by essentially the same plaintiffs against the same defendants. The task confronting the court, therefore, is to determine whether this suit is, in actuality, duplicative of the *Skokie Gold* litigation pending before Judge Shadur. As the Supreme Court noted in *Colorado River,* no precise test has evolved for making such a determi-

nation. 424 U.S. at 817. This situation is largely attributable to the recognition that district courts are to be accorded a great deal of latitude and discretion when undertaking considerations of this nature. *See Kerotest Mfg,* 342 U.S. at 183–184, 72 S.Ct. at 221; *Landis,* 299 U.S. at 254–255, 57 S.Ct. at 165–166. Generally, however, a suit is duplicative of another suit if the claims, parties, and available relief do not significantly differ between the two actions. *See Calvert Fire Ins. Co. v. Am. Mut. Reinsurance Co.,* 600 F.2d at 1233; *Complaint of Bankers Trust Co.,* 636 F.2d at 40.

■ It is readily apparent that this case and *Skokie Gold v. Seagram* focus on identical claims. The complaints in both actions allege the same conspiracy by Seagram and its local distributors to fix wholesale prices charged retailers of Seagram products. It is equally clear that the same relief is available in the two actions. When Judge Shadur allowed Ridge Gold and Cheese Chalet I to dismiss themselves voluntarily from the *Skokie Gold,* he noted that these plaintiffs were bound in subsequent litigation by their previous waivers of damages and of the right to a jury trial. The only relief this court can grant them, therefore, is injunctive relief of the type that is sought by the other stores of the Gold Standard chain in the case before Judge Shadur. Plaintiffs argue that the scope of available relief in this case nevertheless markedly differs from that of *Skokie Gold* because in this suit damages may be awarded members of the putative class if it is certified. But it is Ridge Gold and Cheese Chalet that are before the court, not members of a class that the court might eventually certify if the action were allowed to proceed. These

---

1. In *Calvert Fire Ins. Co.,* the Court of Appeals for the Seventh Circuit emphasized that the decision whether to defer to a concurrent proceeding remains, in essence, a balancing test. 600 F.2d at 1233. Thus, even where, as in the present case, avoiding redundant litigation is highly desirable, any countervailing "special factors" counseling the exercise of the court's jurisdiction also must be considered. 600 F.2d at 1233–1234. Countervailing considerations,

however, are of no moment in this case. For instance, Judge Shadur, not this court, was the first to obtain jurisdiction of these cases. *See* 600 F.2d at 1234. Furthermore, there can be no claimed forum inconvenience since this suit and *Skokie Gold* are before judges of the same district. *Id.* Accordingly, the focus of the court's opinion is on whether this action is duplicative; if so, it should be dismissed.

plaintiffs cannot circumvent inquiry into their personal qualifications to maintain this action by vicariously asserting the claims of members of a putative class. *See Weiner v. Bank of King of Prussia,* 358 F.Supp. 684, 694 (E.D.Pa.1973).

Since they are not now parties to this action, neither can uncertified class members provide a basis for the court to find that this case is not duplicative of *Skokie Gold* on the ground that the parties in the two suits differ. This final consideration that the court must address is, however, more complicated than the other two inquiries. Ridge Gold and Cheese Chalet argue that they do not have to rely on class-action aspects of the case in order to prevail on this point. They contend that the court cannot find the requisite identity of parties between the two suits because they are plaintiffs to this action, but are no longer involved in *Skokie Gold.*[2] Defendants, on the other hand, argue that plaintiffs in this case are so closely connected with the other stores in the Gold Standard chain which are still before Judge Shadur that, as a practical matter, it is as if they remained parties in the *Skokie Gold* litigation. In response, Ridge Gold and Cheese Chalet point out that each of the stores in the chain is separately incorporated; in light of their separate legal existences, plaintiffs reason that the court is estopped from concluding that there is an identity of parties in the two suits.

Given the equitable nature of considerations related to the wise administration of the federal court system, a rigid, mechanical application of rules and standards is to be eschewed. *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952). The court, therefore, is obligated to exalt substance over form when determining whether this action is duplicative. Plaintiffs cannot through manipulation of the corporate form force the court to blind itself to the underlying reality of the situation. Al-

though the stores in the Gold Standard chain are separately incorporated, it is undisputed that they are under common ownership, domination, and control; moreover, the stores, including plaintiffs in this action, are run as a single, integrated operation. They comprise, in essence, an entity. Additionally, despite the ostensible withdrawal of Ridge Gold and Cheese Chalet from the *Skokie Gold* litigation, their interest in obtaining relief against these defendants continues to be represented in that case by their sister stores. After all, plaintiffs' claims in this case, like those in *Skokie Gold,* are limited to injunctive relief. As a practical matter, Ridge Gold and Cheese Chalet will benefit as if they remained parties in *Skokie Gold* from an injunction in favor of the Gold Standard stores remaining in that case. Since the stores in the chain collectively purchase from wholesale distributors, such an injunction when issued would effectively prevent for all the stores, not just those formally named as parties. *Cf. Hawaii v. Standard Oil Co.,* 405 U.S. 251, 261, 92 S.Ct. 885, 890, 31 L.Ed.2d 184 (1972).

Therefore, plaintiffs that are before the court in this case are fully and effectively represented in the proceedings before Judge Shadur; accordingly, the court concludes that there is an identity of parties between this suit and *Skokie Gold.* Since, as the court previously determined, the plaintiffs in the two suits also bring the same claims and request identical relief, it is apparent that this suit is duplicative of *Skokie Gold,* another case pending before a judge of this same district. Considerations of wise judicial administration, therefore, counsel the dismissal of this action in deference to that suit. Accordingly, defendants' motion for summary judgment against Ridge Gold and Cheese Chalet is granted, and this suit is dismissed in its entirety.

So ordered.

---

**2.** Even plaintiffs must concede that exactly the same defendants are named in both suits. The court, accordingly, will focus on the nexus between plaintiffs to determine whether the parties in the two actions are sufficiently identical.