Howard R. SERLIN, Plaintiff–Appellant,

v.

ARTHUR ANDERSEN & COMPANY, Arthur Andersen & Company, S.C., Harry V. Ruffalo, et al., Defendants–Appellees.

No. 92–3682.

United States Court of Appeals, Seventh Circuit.

Argued April 28, 1993.

Decided Aug. 24, 1993.

As Amended Sept. 29, 1993.

See also 145 F.R.D. 494.

Lisa T. Hamilton, argued, John R. Carr, Buschmann, Carr & Shanks, Indianapolis, IN, Werner Sabo, Sabo & Zahn, Chicago, IL, for plaintiff-appellant.

John A. McDonald, Michael J. Mueller, Donald J. McNeil, argued, Keck, Mahin & Cate, Chicago, IL, for defendants-appellees.

Before BAUER, Chief Judge, COFFEY, Circuit Judge, and EISELE, Senior District Judge.*

COFFEY, Circuit Judge.

Howard Serlin filed a complaint charging Arthur Andersen & Co., et al., with common-law fraud and violations of the Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C. §§ 621, *et seq.* The U.S. District Court for the Northern District of Illinois dismissed this complaint as duplicative of an action pending before another federal judge in the same district. Serlin appeals the dismissal of his complaint. We affirm.

I.

Serlin was employed by Arthur Andersen & Co. (accounting firm) from 1960, until August 1989, when he accepted the firm's suggestion that he take early retirement shortly after his 50th birthday. He filed his first complaint (No. 91–C–4810) against Arthur Andersen on July 9, 1992. He alleged, among other things, that the defendants had induced him to accept early retirement in August 1989 by falsely promising to rehire him in a long-term management position, where he would perform the same duties he

* The Honorable Garnett Thomas Eisele, Senior District Judge of the United States District Court for the Eastern District of Arkansas, is sitting by designation.

had been performing in his old position. In fact, Serlin contended, Arthur Andersen secretly intended all along to eliminate the new management position it had promised him and to transfer his duties to two younger partners, a scheme the defendants allegedly carried out in November 1989. The case was assigned to district court Judge Alesia.

The defendants moved to dismiss the complaint on the grounds that it was not served within the time limits of Rule 4(j) of the Federal Rules of Civil Procedure. The parties briefed the motion in February 1992, but it was still pending in July 1992. At that time, Serlin recognized that if Judge Alesia granted the defendants' motion to dismiss after August 1992, he would be unable to refile his complaint because the three-year statute of limitations on complaints alleging willful violations of the ADEA would have run. To guard against that possibility, he states that he filed a second complaint (No. 92–C–4473) in the same court in July 1992. This case was assigned to district court Judge Aspen.

Arthur Andersen moved to dismiss Serlin's second complaint as duplicative of his first one. On September 30, 1992, while the defendants' Rule 4(j) motion was still pending before Judge Alesia in No. 91–C–4810, Judge Aspen granted the defendants' motion to dismiss the complaint in No. 92–C–4473. His order stated:

"As plaintiff's complaint [in No. 92–C–4473] is identical in all material respects to that filed in case No. 91 C 4810, currently pending before Judge Alesia, we grant defendants' motion to dismiss this case as duplicative. *See Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F.Supp. 1210, 1213 (N.D.Ill. 1983)."

## II.

The issue presented is whether the district court abused its discretion in dismissing Serlin's complaint in No. 92–C–4473 as duplicative of his complaint in No. 91–C–4810.

## III.

As a general rule, a federal suit may be dismissed "for reasons of wise judicial administration ... whenever it is duplicative of a parallel action already pending in another federal court." *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F.Supp. 1210, 1213 (N.D.Ill.1983) (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976); *Calvert Fire Ins. Co. v. Am. Mut. Reinsurance Co.*, 600 F.2d 1228, 1233 (7th Cir.1979)). District courts are accorded "a great deal of latitude and discretion" in determining whether one action is duplicative of another, but generally, a suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Ridge Gold*, 572 F.Supp. at 1213 (citations omitted).

In the case before us, it is clear that Serlin's two complaints involve the same parties and seek the same remedies, including "statutory liquidated damages." Nevertheless, Serlin argues, the complaints are not duplicative because his first complaint contains claims for both intentional and "unintentional" violations of the ADEA, while his second complaint only claims intentional violations. A reading of the complaints, however, discloses that there is no significant difference between the claims and that Serlin needed to prove an *intentional* violation of the ADEA in order to prevail under either complaint.

In paragraph 40 of both complaints, Serlin alleges that his "constructive discharge was motivated solely by the defendants' intent to discriminate against Serlin on the basis of his age." In paragraphs 45 and 58 of both complaints, he alleges that the defendants' violation of the ADEA was "intentional" and "willful." Moreover, no aspect of his first complaint is grounded in "disparate impact theory," the only theory capable of supporting a claim of "unintentional" ADEA violations. *See Foster v. Arcata Associates*, 772 F.2d 1453, 1458 (9th Cir.1985).

As there are no significant differences between the claims,[1] parties, and available relief in the two suits, the trial judge did not err in finding them duplicative.

■ Our analysis is not ended, however, for in *Calvert Fire Insurance Co. v. American Mutual Reinsurance Co.*, 600 F.2d 1228 (7th Cir.1979), we held that before dismissing a suit as duplicative, "the district judge should consider any special factors counseling for or against the exercise of jurisdiction in the case before him." *Calvert Fire*, 600 F.2d at 1234. Serlin claims that such a countervailing "special factor" exists in the present case because, if his second suit is dismissed as duplicative of his first, and if his first is dismissed after August 1992 for untimely service under Federal Rule 4(j), then he will be out of court and barred by the statute of limitations from refiling his age-discrimination complaint. In light of this possible consequence, he argues, Judge Aspin abused his discretion in dismissing his complaint as duplicative.

This argument is without merit. We have held that "[a]n abuse of discretion is established only where no reasonable man could agree with the district court; if reasonable men could differ as to the propriety of the court's action, no abuse of discretion has been shown." *Smith v. Widman Trucking & Excavating*, 627 F.2d 792, 795–96 (1980) (citing *Beshear v. Weinzapfel*, 474 F.2d 127, 134 (7th Cir.1973)). In this instance, there are a number of reasons why a reasonable person could agree with Judge Aspin's decision to dismiss Serlin's duplicative complaint.

The chief reason was best expressed in *Ridge Gold:*

"The irrationality of tolerating duplicative litigation in the federal system is all the more pronounced where, as here, two federal judges sitting on the same district court are ... devoting scarce judicial resources to the adjudication of the same

charges by essentially the same plaintiffs against the same defendants."
*Ridge Gold,* 572 F.Supp. at 1213.

Alongside this wholly legitimate concern for wise judicial administration is the fact that even if Serlin eventually does find himself out of court, that result will be entirely a consequence of the plaintiff's own failure to follow the rules. If he had merely served his first complaint in compliance with the Federal Rules of Civil Procedure, Serlin would have had nothing to fear from a Rule 4(j) motion. But having failed at that task,[2] the rules still provided him with several legitimate methods of preserving his claim.

There is, for example, no rule requiring plaintiffs to oppose Rule 4(j) motions that they know are likely to be granted near or after the limitations period. The safer path in such a situation would be to promptly and voluntarily dismiss the case and then refile it with proper service. And while the rules nowhere contemplate the filing of duplicative law suits to avoid the statutes of limitations, the local court rules *do* provide a method of alerting the court to potential limitations problems: Rule 12(r) of the General Rules of the Northern District of Illinois allows "any party" to "call a motion to the attention of the court for decision." The plaintiff, however, elected not to take advantage of this mechanism for seeking a quick ruling on the defendants' Rule 4(j) motion.

Under these circumstances, the trial judge did not abuse his discretion in determining that no special factors outweighed the court's interest in wise judicial administration.

For the foregoing reasons, the district court's order dismissing the action in No. 92–C–4473 is

AFFIRMED.

---

1. Even the Civil Cover Sheet on the complaint in 92–C–4473 states that the case "is a refiling of 91–C–4810 of Judge Alesia."

2. At oral argument, plaintiff's counsel advised us that on January 26, 1993, Judge Alesia granted the defendants' Rule 4(j) motion to dismiss the complaint in No. 91–C–4810.