**CHERRY COMMUNICATIONS, INC., Plaintiff,**

v.

**COASTAL TELEPHONE COMPANY, Defendant.**

**No. 95 C 4292.**

United States District Court, N.D. Illinois, Eastern Division.

Dec. 7, 1995.

Robert Wolf Cushing, Steven P. Handler, McDermott, Will & Emery, Chicago, IL, for Cherry Communications, Inc.

Kenneth S. Goodsmith, Philip Jonathan Perry, Latham & Watkins, Chicago, IL, for Coastal Telephone Co.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff Cherry Communications, Inc. filed the instant breach of contract action in this court on July 25, 1995, the same day it was served by defendant Coastal Telephone Co. with process in a case that defendant filed against plaintiff in Texas State Court in Harris County, Texas, on July 14, 1995. Plaintiff removed defendant's Texas case to federal court in the Southern District of Texas, where it is currently pending. It is undisputed that the two actions concern the same subject matter, and that under the "first-filed" doctrine,[1] the Southern District of Texas is "first seized" of this controversy. Defendant has filed a motion to dismiss for lack of personal jurisdiction and venue, or alternatively, either transfer this case to the Southern District of Texas or stay this case pending the outcome of the defendant's motion to enjoin plaintiff from proceeding with

---

1. As explained in *Serlin v. Arthur Andersen & Co.,* 3 F.3d 221, 223 (7th Cir.1993), under the "first-filed" doctrine, "as a general rule, a federal suit may be dismissed for reasons of wise judicial administration whenever it is duplicative of a parallel action pending in another federal court."

the instant case currently pending before the District Court in Texas.

## FACTS

Plaintiff is a broker or "switchless reseller" of telecommunications services actually provided by other entities. Defendant is a telecommunications services provider operating out of Houston, Texas, with its telecommunications switching equipment located in Houston, Texas. In early 1995, plaintiff contacted defendant by phone and later sent a representative to defendant's office in Texas to solicit defendant's business. Following the negotiations in Texas, plaintiff and defendant entered into a contract. Defendant never came to Illinois to meet with plaintiff or otherwise transact business. Defendant asserts that this court does not have personal jurisdiction over it.

## DISCUSSION

In a diversity action, this court may exercise personal jurisdiction over defendant, a non-resident, non-consenting party, only if an Illinois court would have jurisdiction over that party. *McIlwee v. ADM Industries, Inc.,* 17 F.3d 222, 223 (7th Cir.1994). It is plaintiff's burden to prove that this court has personal jurisdiction over defendant. *Id.* In determining whether it has personal jurisdiction, the court will consider and weigh affidavits submitted by the parties. *Kontos v. Dept. of Labor,* 826 F.2d 573, 576 (7th Cir. 1987). The court must accept all undenied factual allegations as true and interpret all disputed facts in favor of the party asserting jurisdiction. *Saylor v. Dyniewski,* 836 F.2d 341, 342 (7th Cir.1988).

Without citing to a section in the Illinois long-arm statute, plaintiff argues that this court has personal jurisdiction over defendant because: (1) defendant expressly consented to jurisdiction in Illinois in an alleged written contract; and, (2) regardless of such a contractual agreement, defendant has "minimum contacts" with Illinois.

In support of its assertion that defendant entered into a written agreement with plaintiff in which defendant consented to the jurisdiction of the Illinois state and federal courts, plaintiff has filed the affidavit of Michael Dyer ("Dyer"), president of plaintiff's network services division. In his affidavit, Dyer states that he was "involved" in the negotiations and execution of the written agreement. Dyer states that plaintiff has been unable to locate a copy of the alleged signed agreement. Further, Dyer admits that parts of plaintiff's form contract[2] may have been modified, and that unnamed employees of plaintiff agreed to the modifications and executed the agreement. Although Dyer alleges that "I ... know that Paragraph 23 [containing the choice of forum clause] ... was agreed to by both parties and is contained in the fully executed agreement," Dyer was not a signatory to the final execution of the alleged written agreement, nor does he state that he saw a copy of the fully executed agreement. Simply put, the conclusions stated in the Dyer affidavit are unsupported by admissible factual evidence.

Defendant denies the existence of a written agreement between the parties. Attached to its reply brief, defendant submits the affidavit of Andrew Bursten ("Bursten"), President of Coastal Telephone Company, who denies that defendant entered into or executed a written contractual agreement with plaintiff. Defendant's affidavit specifically contradicts plaintiff's affidavit. The court also notes that there is no mention of a written contractual agreement in plaintiff's complaint, or defendant's complaint currently pending in Texas.

While the general rule on this type of motion is to resolve all conflicts in the parties' affidavits in favor of plaintiff, Dyer's statements with respect to the alleged written agreement appear to be based on information from others, not on personal knowledge. Therefore, the court will not consider Dryer's affidavit and will regard as undisputed Bursten's testimony that defendant did not execute or agree to any written contract with plaintiff. *UNR–Leavitt v. Kimrey,* No. 83 C 7046, slip op. at 3–4 (N.D.Ill.1984) (Marshall, J.); see also, *Sfasciotti v. Copy–Plus, Inc.,* No. 85 C 6318, slip op. at 1 ("the

---

**2.** A copy of plaintiff's form contract is attached to plaintiff's response.

plaintiff's affidavit is not based on personal knowledge but on hearsay statements ... the court declines to accept hearsay statements on important facts relating to personal jurisdiction"). Consequently, the court finds that defendant did not consent to personal jurisdiction in this district.

 Plaintiff argues, without authority, that entry into a contract with an Illinois company, telephone calls and written communications with plaintiff in Illinois, and the fact that plaintiff's performance took place in Illinois are sufficient to establish personal jurisdiction in Illinois. Telephone and written communications with plaintiff in Illinois are alone not enough to establish personal jurisdiction over defendant. *Pfeiffer v. Insty Prints*, 1993 WL 443403 *5 (N.D.Ill., Oct. 29, 1993) (phone calls and letters to the plaintiff in Illinois are insufficient to establish personal jurisdiction over the defendant where the plaintiff initiated contract discussions between itself and defendants); *Asset Allocation and Management Co. v. Western Employers Ins. Co.*, 892 F.2d 566 (7th Cir.1989); *Ideal Insurance Agency Inc., v. Shipyard Marine, Inc.*, 213 Ill.App.3d 675, 157 Ill.Dec. 284, 572 N.E.2d 353 (2d Dist.1991).

Further, it is well established that the place of plaintiff's performance has no influence on jurisdiction, since it is the defendant's actions within the forum that determine whether defendant was transacting business in Illinois. *Asset Allocation*, 892 F.2d at 569; *Gordon v. Tow*, 148 Ill.App.3d 275, 101 Ill.Dec. 394, 498 N.E.2d 718 (1st Dist.1986).

In the instant case, it is undisputed that plaintiff solicited and initiated contract negotiations with defendant. The only meetings that were held between the parties were in Texas. Defendant never traveled to Illinois. Based on the facts in this record, the court finds that plaintiff has failed to establish its burden of showing a prima facie case of personal jurisdiction over defendant.[3] Consequently, the court grant's defendant's motion to dismiss the instant case for lack of personal jurisdiction.[4]

## CONCLUSION

For the reasons above, the court grants defendant's motion to dismiss plaintiff's breach of contract action with prejudice.

---

3. Because the court finds that it lacks personal jurisdiction over defendant, the court will not address defendant's motion to stay or motion to transfer pursuant to 28 U.S.C. § 1404(a).

4. Had the court found a genuine issue whether this court has personal jurisdiction, in the interest of justice, the court would have transferred this case to the Southern District of Texas. *Porter v. Groat*, 840 F.2d 255, 257–58 (4th Cir.1988); see also, *Danuloff v. Color Center*, 1993 WL 738578 (E.D.Mich.1993) ("the interest of justice is served when a case is transferred from a forum where there is a difficult question of personal jurisdiction to a district in which personal jurisdiction is clearly established"); *Terukuni Kaiun Kaisha v. C.R. Rittenberry & Assoc.*, 454 F.Supp. 418, 422–23 (S.D.N.Y.1978) (prosecuting action in district where personal jurisdiction can be clearly established will avoid risk of squandered energies on personal jurisdiction issue). Further, the court notes that because defendant filed its action in Texas prior to plaintiff filing the instant case, transfer to the Southern District of Texas would be appropriate under the "first filed" doctrine. See, *Serlin v. Arthur Andersen*, supra, fn. 1.