**F I L E D**

**UNITED STATES COURT OF APPEALS**

**JUN 5 2003**

**TENTH CIRCUIT**

LARRY L. FORD,

      Plaintiff - Appellant,

v.

JENNIFER MISCHEVIZ, Nurse;
JORJE JACAYO, P.A.; C.J.C.
MEDICAL STAFF, EL PASO
COUNTY, CO.; COLORADO
DEPARTMENT OF CORRECTIONS,

      Defendants - Appellees.

No. 03-1008
(D.C. No. 02-Z-1991)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

Larry L. Ford, a prisoner in the custody of the Colorado Department of

Corrections proceeding pro se, sued the defendants pursuant to 42 U.S.C. § 1983

alleging that they violated his rights under the Eighth Amendment by refusing to

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

provide him with medical treatment for his serious heart condition. He appeals the dismissal of his case by the United States District Court for the District of Colorado.

The district court dismissed the underlying case, Case No. 02-Z-1991, without prejudice because the defendant had previously filed a then-pending action asserting the same claims:

> Plaintiff filed a previous action, Case No. 02-ES-1770, in which he alleges the same cause of action as he asserts in the instant complaint. Two of the Defendants named in Case No. 02-ES-1770 are also named in this case. Plaintiff may combine claims against multiple Defendants in the same action. The Court, therefore, will direct Plaintiff to combine the claims into one action and name all defendants on one Complaint form in Case No. 02-ES-1770. The Court will also dismiss this action.

Order & J. of Dismissal of Nov. 13, 2002, at 2. The court reiterated, in denying Ford's subsequent Motion to Reconsider, that Ford "has the opportunity to name all defendants he desires to name in Case No. 02-ES-1770, as the Court has directed him to amend that Complaint in that action and do just that." Order Den. Mot. to Reconsider of Dec. 27, 2002, at 3. Despite the district court's repeated instruction, Ford filed the instant appeal to challenge the dismissal of Case No. 02-Z-1991.

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2nd Cir. 2000). The power "is meant to foster

judicial economy and the comprehensive disposition of litigation. The doctrine is also meant to protect parties from the vexation of concurrent litigation over the same subject matter." Id. (internal quotation marks and citations omitted). We review a district court's dismissal of a case as being duplicative of another case pending before the court for abuse of discretion. See Serlin v. Arthur Anderson & Co., 3 F.3d 221, 223 (6th Cir. 1993).

The district court did not abuse its discretion in dismissing the instant case. "[G]enerally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." Id. (internal quotation marks and citations omitted). The cause of action raised in the instant case is the same as that raised in the other pending lawsuit, and several of the defendants overlap. By dismissing the underlying case without prejudice and with direction to Ford to amend the complaint in the pending suit to include all defendants he wishes to name, the court has preserved Ford's ability to litigate against all potential defendants while moving the litigation toward the most comprehensive, efficient resolution possible. This is sound management of the district court's docket, not an abuse of discretion.

We AFFIRM the district court's dismissal of the complaint in Case No. 02-Z-1991. Ford's motion to proceed before this court without prepayment of fees is

GRANTED.  However, Ford is obligated to continue making partial payments of the appellate filing fee until the entire fee has been paid.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge