Leo JAMES, on behalf of himself and all others similarly situated, Plaintiff,

v.

AT & T CORPORATION; Cox Communications, Inc.; Comcast Cable Communications, Inc.; Kleiner Perkins Caufield & Byers; C. Michael Armstrong; Mark McEachen; George Bell; Frank Ianna; Mohan Gyani; Charles H. Noski; Daniel H. Somers; Mufit Cinali; John C. Petrillo; L. John Doerr; Thomas A. Jermoluk; William R. Hearst, III; Raymond Liguori; John C. Malone; Brian L. Roberts; Edward S. Rogers; David W. Woodrow; Hossein Eslambolchi, and at Home Corp., Defendants.

No. 03 CV 4985(LLS).

United States District Court, S.D. New York.

Aug. 18, 2004.

Christopher Lovell, Gary S. Jacobson, Christopher J. Gray, Lovell Stewart Halebian LLP, New York, NY, for Plaintiff.

Michael S. Shuster, Sheron Korpus, White & Case LLP, New York, NY, for Defendants Comcast Cable Communications, Inc. and Brian L. Roberts.

Alan M. Unger, John J. Lavelle, Sidley Austin Brown & Wood LLP, Chicago, IL, Charles W. Douglas, Stephen C. Carlson, Sheilia A. Sundvall, New York, NY, for Defendants AT&T Corp., Frank Ianna, Mohan Gyani, Daniel H. Somers, Raymond Liguori, Hossein Eslambolchi, John C. Petrillo and C. Michael Armstrong.

## OPINION AND ORDER

STANTON, District Judge.

Defendants move to dismiss this action on the grounds that it is duplicative of *Leykin v. AT & T Corp.*, 02 Civ. 1765(LLS), which is also pending in this court. They move, in the alternative, to dismiss the portions of this *James* complaint which were previously dismissed from the *Leykin* complaint. Finally, defendants C. Michael Armstrong and Comcast Cable Communications, Inc. move to dismiss the complaint under F.R.C.P. 12(b)(5) for improper service upon them.

1.

██ "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2nd Cir. 2000). "The complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion." *Id.* "The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the 'comprehensive disposition of litigation.'" *Id.* "[T]hough no precise rule has evolved, the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976).

██ The putative classes in *Leykin* and *James* are composed of the same members, and are organized to vindicate the same rights. Mr. Leykin and Mr. James represent precisely the same interests, and each is a member of the putative class in both *Leykin* and *James*. Except for the addition as a defendant of At Home Corp., a bankrupt whose principals and controlling interests are already defendants in *Leykin*, the defendants in both cases are the same. Aside from immaterial corrections, the claims in the *Leykin* and *James* complaints are identical. The issues and facts to be determined, the witnesses and evidence required, and the relief requested, are exactly the same. "[G]enerally, a suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.'" *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir.1993) (quoting *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F.Supp. 1210, 1213 (N.D.Ill.1983)); see also *Northern Assur. Co. of America v. Square D Co.*, 201 F.3d 84, 89 (2nd Cir.2000)(adopting the same standard). The *James* complaint includes no claims or facts that have arisen subsequent to the filing of *Leykin*. See *Curtis*, 226 F.3d at 140–41 (dismissing duplicative claims brought in order to circumvent a ruling

denying leave to amend, but allowing claims based on actions that post-dated the original action to proceed).

Plaintiffs concede that the *James* action was filed for tactical purposes, stating that it was filed "out of an excess of caution in response to (a) defendants' argument[1] in the *Leykin* action which plaintiff thought was meritless but could perhaps be mooted or 'eliminated' by filing this *James* action in order to name At Home as a defendant, (b) an argument by defendant Bell that he had not been served properly, and (c) an argument by defendants that *Leykin* did not qualify for by [ sic ] the longer statute of limitations applicable under the Sarbanes–Oxley Act because *Leyken* [ sic ] was filed before same." Pl. Opp. at 3–4.

### 2.

■■■■ Filing a second identical action is not the proper procedure for correcting improper service or adding additional parties. Neither is it an appropriate way to gain a more advantageous statute of limitations. See *Serlin*, 3 F.3d at 224 ("the rules nowhere contemplate the filing of duplicative law suits to avoid the statutes of limitations"); *Fiore v. McDonald's Corp.*, 1996 WL 331090, at *11–12 (S.D.N.Y. June 12, 1996) (dismissing second action where "[p]laintiffs have stated that the second action was filed 'for one reason and one reason only,' to take advantage of New York's six year statute of limitations, which is two years longer than the statute of limitations applicable under Texas law"); *Newby v. Enron Corp. (In re Enron Corp. Sec., Derivative & "ERISA" Litig.),* 2004 WL 405886, at *16 n. 42 (S.D.Tex. Feb.25, 2004) ("to permit a plaintiff to file a new second suit or a new claim or add a new party in order to circumvent a statute of limitations and expand his legal rights, especially where the clear language of the statute reflects Congress' intent not to permit such expansion, as here, would create legal chaos"). The Second Circuit has stated that "plaintiffs may not file duplicative complaints in order to expand their legal rights." *Curtis,* 226 F.3d at 140.

### 3.

Even if it were proper to bring a duplicative action in order to take advantage of a better statute of limitations, the longer statute of limitations in *James* seems of little use to plaintiffs.

The only issue involving the statute of limitations relates to when plaintiffs were on inquiry notice of the wrongs of which they complain. Under the pre-Sarbanes-Oxley Act rule, securities laws claims were barred one year after the plaintiff had inquiry notice of them. See *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991).

The Sarbanes–Oxley Act of 2002 (Pub.L. No. 107–204) extended the one-year period to two years for proceedings commenced on or after July 30, 2002—so thereafter plaintiffs on inquiry notice of a wrong had two years within which to bring suit.

The *Leykin* complaint was filed on March 5, 2002. The *James* complaint was filed on July 3, 2003. Although the *James* complaint may be governed by an extra year's limitation after inquiry notice of the wrong, it was filed almost sixteen months after *Leykin*. Thus, it appears that a claim which was discoverable a year before *Leykin* was filed, was discoverable two years and four months before *James* was filed. Plaintiffs offer no argument or rea-

---

1. Point (a) may refer to defendants' argument that the then Fourth Claim (since dismissed) must be treated as derivative, and that be-

cause of At Home Corp.'s bankruptcy, no derivative action could be brought.

son not to conclude that because *James* was filed over a year after *Leykin*, its extra one year within which to sue, after notice of the wrong, is of no help to plaintiffs' claim.

Accordingly, defendants' motion is granted and this *James* action is dismissed without prejudice as duplicative.

So ordered.