NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 21, 2011[*]
Decided September 22, 2011

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 11-1181

| | |
|---|---|
| SCOTT WALLIS, | Appeal from the United States District |
| *Plaintiff-Appellant.* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 10 C 7488 |
| FIFTH THIRD BANK, et al., | |
| *Defendants-Appellees.* | Blanche M. Manning, |
| | *Judge.* |

**O R D E R**

Scott Wallis, senior pastor and trustee of All Nations Worship Center in Elgin, Illinois, and former president of a children's furniture retailer called USA Baby, Inc., brought this suit challenging a state mortgage-foreclosure case against All Nations Worship Center and an involuntary-bankruptcy action against USA Baby. The district court dismissed the suit at screening. *See* 28 U.S.C. § 1915(e)(2)(B). Because this suit impermissibly

---

[*]The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

seeks review of state-court rulings and otherwise duplicates a pending federal suit, we affirm the judgment but clarify that the dismissal is without prejudice.

We review de novo a dismissal of a complaint at screening and accept as true the factual allegations in Wallis's complaint. *See Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010); *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 696 (7th Cir. 2009); *Evers v. Astrue*, 536 F.3d 651, 656 (7th Cir. 2008). According to Wallis, in September 2010, Fifth Third Bank sued All Nations Worship Center in state court to foreclose on church property in Elgin. Two months later, the state court entered judgment against Wallis. Instead of appealing that judgment, Wallis filed this suit in federal court. He contests the judgment in the foreclosure action, alleging that the suit was part of a larger conspiracy against him by Fifth Third Bank and others to unlawfully obtain church property. The conspiracy, he continued, was also responsible for an involuntary-bankruptcy action that, Wallis said, creditors illegally filed to acquire USA Baby assets.

Wallis has advanced nearly identical claims against the alleged conspirators in an adversary complaint (No. 10 A 1212) that he brought in the bankruptcy proceedings (No. 08 B 23564). *See generally In re USA Baby, Inc.*, No. 10–3637, 2011 WL 2076342, at *2–3 (7th Cir. May 25, 2011). The bankruptcy court dismissed the adversary complaint, but the district court reversed and remanded. A hearing on the defendants' renewed motion to dismiss the adversary complaint is pending in the bankruptcy court.

The district court dismissed the complaint in this case for lack of jurisdiction and failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). The court noted that under the *Rooker–Feldman* doctrine, *see Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923), it lacked jurisdiction to review a state-court foreclosure decision. The court further noted that Wallis had also raised all of his conspiracy allegations in the adversary complaint that he was pursuing in bankruptcy court. The court refused to allow Wallis to pursue a second lawsuit simultaneously advancing substantially identical allegations. Wallis moved the district court to reconsider, arguing that he was not seeking review of the state court's or bankruptcy court's rulings, but rather was only trying to "prevent the continued unlawful use of state court proceedings by a racketeering enterprise that was intent on in [sic] injuring him, his ministry and his property." The district court denied the motion.

On appeal, Wallis does not dispute that the adversary complaint replicates his lawsuit here. Instead, he argues that the district court erred in dismissing it for lack of jurisdiction based on *Rooker–Feldman*. He maintains that he has identified injuries independent of the foreclosure and bankruptcy actions; namely that (1) a corrupt enterprise of Fifth Third Bank and others manipulated the litigation process, (2) the state-court judge

violated his civil rights and his right to due process by conspiring with the corrupt enterprise, and (3) the corrupt enterprise violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, by bankrupting USA Baby and foreclosing on church property. He also argues that he should have been given an opportunity to amend his complaint before dismissal.

Despite his argument to the contrary, some of Wallis's contentions—such as his disagreement with the foreclosure judgment—ask us to review and reject rulings that the state court made against him in the foreclosure suit; as the district court correctly ruled, the *Rooker–Feldman* doctrine blocks a federal district court from entertaining those contentions. *See Lance v. Dennis*, 546 U.S. 459, 463–64 (2006); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Wallis cannot circumvent the *Rooker–Feldman* doctrine by recasting a request for the district court to review state-court rulings as a complaint about civil rights, due process, conspiracy, or RICO violations.  *See Tal v. Hogan*, 453 F.3d 1244, 1255–56 (10th Cir. 2006); *Holt v. Lake Cnty. Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005); *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 534 (7th Cir. 2004); *Garry v. Geils*, 82 F.3d 1362, 1368–70 (7th Cir. 1996).

To the extent that Wallis's remaining allegations steer clear of *Rooker–Feldman*, the district court properly dismissed them as duplicating the adversary complaint that he is now pursuing in bankruptcy court. As a general rule, a federal suit may be dismissed for reasons of wise judicial administration whenever it duplicates a parallel action already pending in another federal court. *See Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993); *see also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 349–50 (D.C. Cir. 2003); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001). No rule *requires* that district courts dismiss duplicative lawsuits, and we have sometimes suggested that district courts should stay a second lawsuit pending the outcome of an earlier-filed lawsuit addressing the same issues. *See Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). But dismissal is appropriate where, as here, the same party has filed both suits, and the claims and available relief do not significantly differ between the two actions. *Cent. States, Se. & Sw. Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442, 445 (7th Cir. 2000); *Serlin*, 3 F.3d at 223. Although the district court wrote that it was dismissing the case "for failure to state a claim," its reasoning—that Wallis duplicated a nearly identical suit—means that the dismissal was without prejudice. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000).

Finally, the district court did not err by dismissing the complaint without allowing Wallis to amend it. After the district court entered a final judgment dismissing the complaint, Wallis moved for reconsideration but never asked the court for leave to file an amended complaint, as he could have. *See Crestview Vill. Apartments v. U.S. Dep't of Housing*

*& Urban Dev.*, 383 F.3d 552, 557–58 (7th Cir. 2004); *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002). Nor has he explained on appeal how amendment would cure the defects the district court identified in his complaint. Accordingly, the district court did not abuse its discretion by dismissing the complaint without allowing Wallis to amend it. *See Owens v. Hinsley*, 635 F.3d 950, 956 (7th Cir. 2011); *Crestview*, 383 F.3d at 558.

AFFIRMED.