NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2017[*]
Decided February 23, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3697

| | |
|---|---|
| ORLANDER K. NORTHERN, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 16 C 7200 |
| JOHN H. STROGER, JR., HOSPITAL OF COOK COUNTY, | |
| | Edmond E. Chang, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

In the span of two months, Orlander Northern filed two nearly identical civil-rights lawsuits against the hospital where he worked as a paramedic. Because the allegations in the second suit are included within the first, the district court dismissed this second suit without prejudice to proceeding in the first case, which is before a different judge in the same district. Because it is reasonable for a judge to dismiss

---

[*] The defendant was not served with process in the district court and is not participating in this appeal. We have agreed to decide the case without oral argument because the appeal is frivolous. See FED. R. APP. P. 34(a)(2)(A).

without prejudice a complaint whose claims are subsumed within an earlier, pending suit, we affirm.

Northern filed his first case, 16 C 05926, before Judge Tharp. The operative complaint invokes 42 U.S.C. § 1983 against Stroger Hospital in Cook County. Northern alleges that in June 2015 his "Superiors" at the hospital required him "to perform a fitness for duty evaluation," which included supplying a "urine sample." Though the "sample came back clean," hospital officials also required a "mental evaluation," after which they "deemed [him] a threat." He is now on paid administrative leave, but has lost overtime pay. He accuses the hospital of retaliating against him for past grievances.

Within a month of filing his suit, Northern filed his second case, which was assigned to Judge Chang. Like the first suit, this complaint also invokes § 1983 against Stroger Hospital. Northern attached a photocopy of the allegations that he appended to his first complaint, thereby raising the same allegations that we recounted above. Although the complaint in the first case, before Judge Tharp, contains a few related allegations that Northern left out of his second suit, *all* the facts alleged in the second suit are included in the first case. Judge Chang dismissed the second suit as duplicating the first case. The case before Judge Tharp is ongoing (the latest docket entry says that the defendant has until February 27 to answer the complaint).

Northern appeals the district court's dismissal of this suit, but we find no error. When a plaintiff has filed two suits that involve similar claims against *different* defendants, a district court should consolidate them rather than dismiss the second one. See *Taylor-Holmes v. Office of the Cook Cnty. Pub. Guardian*, 503 F.3d 607, 610 (7th Cir. 2007). But a district court may dismiss a complaint if it duplicates another federal case, such as when the "claims, parties, and available relief do not significantly differ between the two actions." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 888–89 (7th Cir. 2012) (quoting *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)); see also *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995). In Northern's second case, he sues the same defendant (Stroger Hospital), invokes the same legal claim (§ 1983), recites the same narrative (about improper testing and leave placement), and seeks the same relief (compensation) as in his earlier-filed lawsuit. So the district court reasonably dismissed the second suit without prejudice. The judgment is AFFIRMED.