**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4386

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEREL LEON JORDAN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:17-cr-00004-D-1)

Submitted:  May 14, 2019                                    Decided:  May 22, 2019

Before WYNN, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Paul K. Sun, Jr., Kelly Margolis Dagger, ELLIS & WINTERS, LLP, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The district court convicted Jerel Leon Jordan, after a bench trial, of possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2012), possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2012), and possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012). On appeal, Jordan contends that the district court erred in denying his pretrial motions to suppress and to compel discovery. Finding no error, we affirm.

## I.

Jordan argues that the district court erred in denying his motion to suppress because the search warrant was facially invalid because it did not describe the dates of the alleged criminal activity and thus could not support a finding of probable cause. While the Government argues that the warrant was valid, it also contends that we may affirm under the good-faith exception. We agree with the Government and conclude that, assuming the warrant was invalid, the good-faith exception applies.

"When reviewing a district court's ruling on a motion to suppress, we review factual findings for clear error and legal determinations de novo." *United States v. Lull*, 824 F.3d 109, 114 (4th Cir. 2016) (internal quotation marks omitted). "[W]e must construe the evidence in the light most favorable to the prevailing party and give due weight to inferences drawn from those facts by resident judges and law enforcement officers." *Id.* at 114-15 (internal quotation marks omitted). Moreover, "we particularly defer to a district court's credibility determinations, for it is the role of the district court to

2

observe witnesses and weigh their credibility during a pre-trial motion to suppress." *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016) (brackets and internal quotation marks omitted).

When a defendant challenges both probable cause and the applicability of the good-faith exception, we may proceed directly to the good faith analysis without first deciding whether the warrant was supported by probable cause. *United States v. Leon*, 468 U.S. 897, 925 (1984). "The fact that a Fourth Amendment violation occurred . . . does not necessarily mean that the exclusionary rule applies." *Herring v. United States*, 555 U.S. 135, 140 (2009). "When police act under a warrant that is invalid for lack of probable cause, the exclusionary rule does not apply if the police acted 'in objectively reasonable reliance on the subsequently invalidated search warrant.'" *Id.* at 142 (quoting *Leon*, 468 U.S. at 922).

Here, the district court credited Officer Bateman's testimony and the magistrate's affidavit. While Jordan attacks this credibility finding on appeal, he offers nothing more than speculation that the Government and its witnesses colluded to hide a Fourth Amendment violation. Instead, the Government simply prepared its case—Jordan alerted the Government to the likelihood that he would file a motion to suppress and, recognizing a potential argument that Bateman's affidavit was insufficient to establish probable cause, the Government sought to confirm whether Bateman provided any testimony to Holland. Moreover, the extrinsic evidence supports the finding that Bateman conducted the trash pull in December shortly before submitted the warrant application. Thus, we find no basis to disturb the district court's credibility finding. *See United States v. Slager*, 912

3

F.3d 224, 233 (4th Cir. 2019) ("[I]f a district court's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." (internal quotation marks omitted)).

We further conclude that the district court correctly applied our decision in *United States v. McKenzie-Gude*, 671 F.3d 452 (4th Cir. 2011). There, the search warrant application and affidavit did not connect the residence law enforcement searched to the defendant. *Id.* at 458. Although the officers were aware that the defendant lived at the residence, they had neglected to include this fact in the affidavit. *Id.* at 459. We recognized that we have "consistently rejected the notion that reviewing courts may not look outside the four corners of a deficient affidavit when determining, in light of all the circumstances, whether an officer's reliance on the issuing warrant was objectively reasonable." *Id.* Thus, we considered the officers' knowledge in assessing whether they reasonably relied on the warrant. *Id.* at 460. We noted that "[r]efusing to consider such information risks the anomalous result of suppressing evidence obtained pursuant to a warrant supported by the affidavit of an officer, who, in fact, possesses probable cause, but inadvertently omits some information from his affidavit." *Id.* (internal quotation marks omitted). We further rejected the defendant's argument that our holding was inconsistent with *Leon*. *Id.* at 460-61.

Here, Bateman performed a trash pull that uncovered evidence of cocaine on the same day that he applied for the search warrant. Moreover, he had been investigating

4

Jordan over the course of several months, observing Jordan engage in conduct consistent with drug distribution and interviewing witnesses who confirmed that Jordan was distributing cocaine. Although his affidavit omitted the dates of these acts, we conclude he acted in good-faith reliance on the magistrate issuing the warrant. And to the extent that Jordan argues that we should overrule *McKenzie-Gude*, "one panel cannot overrule a decision issued by another panel." *United States v. Williams*, 808 F.3d 253, 261 (4th Cir. 2015) (internal quotation marks omitted). Therefore, we affirm the district court's denial of Jordan's motion to suppress.

## II.

Jordan also argues that the district court erred in denying his motion to compel discovery into whether the Government engaged in interviews (and correspondingly took notes of these interviews) with its witnesses, arguing that the suppression of such evidence violated *Brady*.[*] We review the legal conclusions underlying the district court's denial of Jordan's *Brady* motion de novo and its factual findings for clear error. *United States v. Abdallah*, 911 F.3d 201, 217 (4th Cir. 2018). To succeed on his *Brady* claim, Jordan "must show that (1) the evidence is either exculpatory or impeaching, (2) the government suppressed the evidence, and (3) the evidence was material to the defense." *United States v. Catone*, 769 F.3d 866, 871 (4th Cir. 2014) (internal quotation marks omitted). "Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."

---

[*] *Brady v. Maryland*, 373 U.S. 83 (1963).

5

*Abdallah*, 911 F.3d at 217 (internal quotation marks omitted). When the Government asserts that the requested information is privileged or confidential, a defendant is entitled to have the district court conduct an in camera review of the information if he makes "some plausible showing that exculpatory material exists." *Id.* at 218 (internal quotation marks omitted). "To make this showing, the defendant must identify the requested confidential material with some degree of specificity." *Id.* (internal quotation marks omitted).

Here, Jordan has failed to produce exculpatory material and has likewise failed to make a plausible showing that such exculpatory material exists. The only evidence in the record is that the Government disclosed the only statements made—Bateman's supplemental statement and the magistrate's affidavit—and they were disclosed prior to the suppression hearing. Jordan's belief that the someone may have taken notes of other conversations is insufficient to warrant an in camera review. For example, in *Abdallah*, the defendant identified a specific email exchange relevant to the dispositive issue at the suppression hearing. 911 F.3d at 217-19. Jordan's argument is more like one we rejected in *United States v. Caro*, 597 F.3d 608, 619 (4th Cir. 2010), where the defendant could "only speculate as to what the requested information might reveal."

## III.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6