**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 31, 2016*
Decided November 1, 2016

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-1499

| | |
|---|---|
| RONALD J. GRASON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 15-2138 |
| | |
| JAY STEWART, | Harold A. Baker, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Ronald Grason appeals the dismissal of his lawsuit under 42 U.S.C. § 1983 alleging that Jay Stewart, the director of the Illinois Department of Financial and Professional Regulation, violated his due process rights by revoking his medical license without a hearing. We affirm.

---

* We have unanimously agreed to decide the case without oral argument because the issues have been authoritatively decided. FED. R. APP. P. 34(a)(2)(B).

This is Grason's second appeal from lawsuits alleging improper suspension of his medical activities. *See Grason v. Burwell*, No. 16-1462, 2016 WL 4533407 (7th Cir. Aug. 30, 2016) (non-precedential) (upholding summary judgment for Secretary of Health and Human Services in challenge to revocation of his Medicare billing privileges). In the complaint at issue here, Grason claimed that Stewart denied him due process by approving the suspension of his license because of unpaid state income taxes without a hearing. Grason wanted a hearing because he disputed that he owed taxes for two of the nine years identified by the Department of Financial and Professional Regulation. But after Grason submitted an order from the Department of Revenue Board of Appeals denying him relief from the tax liability, an administrative law judge for the Department of Financial and Professional Regulation struck his request for the hearing and indefinitely suspended his medical license.

The district court dismissed the suit because Grason failed to state a claim that his right to due process was violated. As the court explained, there was no basis for a hearing once the Department of Revenue concluded that Grason owed taxes because under those circumstances Illinois law required Stewart to suspend the license. *See* 20 ILCS 2105/2105-15(g).

On appeal Grason maintains that the Department's decision to suspend his license without a hearing violated due process. But the district court correctly concluded that no hearing was warranted: Grason disputed his liability for only 2 out of the 9 years that the Department of Revenue said he owed taxes, and, as long as taxes were due, the Department of Financial and Professional Regulation was required by Illinois law to suspend Grason's license. *See* 20 ILCS 2105/2105-15(g). "[W]hen there is no factual dispute over a condition with dispositive significance, the state need not supply a fact-finding process." *Mid-Am. Waste Sys., Inc. v. City of Gary, Ind.*, 49 F.3d 286, 290 (7th Cir. 1995). Moreover, Grason was afforded due process to contest the extent of his liability through the Department of Revenue proceedings that he pursued at the Board of Appeals, and which he could have challenged in state court. *See* 35 ILCS 5/908, 5/1201; 735 ILCS 5/3-103. He is not constitutionally entitled to have a second hearing before the Department of Financial and Professional Regulation to pursue the same arguments. *See Crum v. Vincent*, 493 F.3d 988, 993 (8th Cir. 2007).

AFFIRMED.