CHANDLER, Justice,
for the Court;
¶ 1. We granted certiorari- in this personal-injury negligence action to clarify state law on the doctrine of claim-splitting. After new defendants were identified during discovery on her original complaint, Plaintiff Jeanette Carpenter filed a motion to amend her complaint to include the newly discovered defendants. A-hearing could not be scheduled in time for the trial court to approve -the amendment before the expiration of the three-year statute of limitations. In an effort to-avoid losing the opportunity to bring the new defendants into the litigation, Carpenter filed a second action before the statute of limitations ran, based on the exact same set of facts, in the same court, and naming the same new defendants named in the motion to amend. The trial court dismissed both eases.-- ■ The :cases were consolidated for purpose of appeal. We hold that Carpenter’s procedural actions constituted impermissible claim-splitting as outlined by this Court in Wilner v. White, 929 So.2d 315 (Miss.2006). Therefore, we reverse the judgment of the Court of Appeals and affirm the judgments of the Jackson County Circuit Court.
FACTS AND PROCEEDINGS BELOW
¶ 2. On August 15, 2007, Jeanette Carpenter tripped on some parking-lot striping tape at a welcome center on Interstate 10. The resulting fall caused injuries, including two broken wrists as well as lacerations and bruising to her face from the impact with the pavement.
¶ 3. On June 26, 2008, Carpenter filed a negligence suit against the Mississippi Department of Transportation and five John Does (“Carpenter I ”). The case was assigned to Circuit Judge Kathy King Jackson. More than a year later, Carpenter moved to amend her complaint to add Mallette Brothers Construction, Inc., and J.L. McCool Contractors. Judge Jackson granted the motion. This first amended complaint was filed within the statute of limitations.
*823 ¶ 4. On March 4, 2010, Carpenter filed a second motion for leave to amend her complaint. This time, she sought to add Kenneth Thompson Builders (“KTB”), Coastal Masonry, Pro Mow Lawn Care, and Capital Security as defendants. At this time, Carpenter had been aware of the existence of these potential defendants (via interrogatory responses) for almost a year. Carpenter attempted to set a hearing on the motion before the statute of limitations expired on August 15,2010, but the parties were not able to select a hearing date agreeable to all parties.[1] The court ultimately approved the second amended complaint on November 12, 2010, after the statute of limitations had run.
¶ 5. .On July 22, 2010, prior to the statute-of-limitations deadline and in light of the likelihood that the amendment would not be granted before August 15, Carpenter filed a second complaint (“Carpenter II”), also in the Circuit Court of Jackson County, naming KTB, Coastal Masonry, Pro Mow Lawn Care, and Capital Security as defendants. This .case was assigned to Circuit Judge Robert Krebs. Carpenter filed various motions to consolidate the cases. The motions to consolidate were never ruled on at the trial level.
¶6. KTB and the other new defendants filed motions to dismiss both cases. Judge- Jackson granted the motion to dismiss Carpenter I on the ground that the second amended complaint was filed after the statute of limitations had run.[2] This order granting dismissal was entered June 27, 2011. Judge Krebs granted the motion to- dismiss Carpenter II on the ground that the second complaint-imper-missibly split Carpenter’s cause of action in- violation of Wilner. This order granting dismissal was entered on June 28th, 2011.[3]
¶7. The Court of Appeals reversed both dismissals, rejecting the claim-splitting argument and finding that the two cafees should be considered consolidated for purposes of remand. Jeanette Carpenter v. Kenneth Thompson Builder, et al., 186 So.3d 855, 2013 WL 2180136 (Miss.Ct. App.2013). The defendants appeal.
DISCUSSION
1. Standard of review
¶8. Typically, we review motions to dismiss under a de novo standard. Scaggs v. GPCH-GP, Inc., 931 So.2d 1274, 1275 (Miss.2006). While the question of whether the claim-splitting doctrine is applicable to. a case is. a question of law *824 reviewed de novo, dismissals on the basis of the claim-splitting doctrine are made for the purpose of eliminating duplicative litigation and for docket control. See Kanciper v. Suffolk Co. Soc. for the Prevention of Cruelty to Animals, Inc., 722 F.3d 88 (2d Cir.2013); Katz v. Gerardi, 655 F.3d 1212, 1217 (10th Cir.2011). Such dismissals are premised on the fact that the party in question is involved in a pending dupli-cative action in which the party’s procedural and substantive due-process rights are being satisfied. Therefore, “[w]e will review for abuse of discretion when a [trial] court’s ‘dismissal for claim-splitting was premised in significant measure on the ability of the district court to manage its own docket,’ and will reverse the [trial] court only if we find its judgment ‘exceeded the bounds of the rationally available choices given the facts and the applicable law in the case at hand.’ ” Katz, 655 F.3d at 1217 (quoting Big Sky Network Canada, Ltd. v. Sichuan. Provincial Gov’t, 533 F.3d 1183, 1186 (10th Cir.2008)).[4]
2. The doctrines of res judicata and . claim-splitting
¶ 9. We agree with the circuit court that Carpenter II violated this state’s long-standing prohibition on claim-splitting. Since a final judgment was entered dismissing the defendants with prejudice from Carpenter I before a final judgment was. entered dismissing Carpenter II, we additionally find it appropriate to affirm the dismissal of Carpenter II on the ground of res judicata. '
¶ 10. Claim-splitting has long been prohibited under Mississippi law and occurs when a~ plaintiff attempts to bring a duplicative action involving claims, arising from -a single, body of operative facts against the same defendants. See Wilner v. White, 929 So.2d 315 (Miss.2006); Harrison v. Chandler-Sampson Ins., Inc., 891 So.2d 224, 234 (Miss.2005); Alexander v. Elzie, 621 So.2d 909, 910 (Miss.1992); Kimball v. Louisville and Nat'l R.R. Co., 94 Miss. 396, 48 So. 230 (1909).
¶11. .“[Plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.” Curtis v. Citibank, N.A, 226 F.3d 133, 139 (2nd Cir.2000). “The rule against claim-splitting requires a plaintiff to assert all of its causes of action- arising from a common set of facts in one lawsuit. By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste ‘scarce judicial resources’ and undermine ‘the efficient and comprehensive disposition of cases.’ ” Katz, 655 F.3d at 1217 (quoting Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp., 296 F.3d 982, 985 (10th Cir.2002)). “It is well-settled that a plaintiff may not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have, otherwise enjoyed.” Hartsel, 296 F.3d at 990. “[T]he [United States] Supreme Court captured the general principle regarding claim-splitting: •
When the pendency of a [previously filed] suit is set up to defeat another, the case must be the same. There must be the same parties, or, at least, such as represent the same interest; there must be the same rights asserted and the same relief prayed for; the relief must *825 be founded upon the same facts, and the title, or essential basis, of the relief sought must be the same.”
Katz, 655 F.Sd at 1217 (quoting The Haytian Republic, 154 U.S. 118, 124, 14 S.Ct. 992, 38 L.Ed. 930 (1894)).
¶ 12. Unlike the doctrine of res judicata, a final judgment is not required in order to apply a claim-splitting analysis; rather, the test is “whether the first suit, assuming it were final, would preclude the second suit. This makes sense, given that the claim-splitting rule exists to allow [trial] courts to manage their -docket[sl and dispense with duplicative litigation.” Katz, 655 F.3d at 1218-19. In Katz, the Tenth Circuit held that “[t]he district court did not abuse its discretion by dismissing the [plaintiff] from this case for claim splitting” where “[the plaintiff] filed two cases in the same district court, involving the same subject matter, seeking the same claims for relief against the same defendants.” Id. at 1219.
¶ 13. This is not the first time we have provided an analysis of how Mississippi’s prohibition on. claim-splitting applies to the scenario at hand. Carpenter’s procedural actions are identical to a scenario this Court expressly rejected in Wilner. Wilner, 929 So.2d at 320, Wilner had filed a motion to amend her complaint to add new defendants. That motion was not approved by the trial court before the statute of limitations ran. On writ of certiorari, in holding that the Court of Appeals had found incorrectly that. Wilner’s amended complaint related back to the original complaint, saving it from the procedural bar, this Court also rejected the Court of Appeals’ following hypothetical:
If Wilner had named the four new parties in a separate, original complaint, and moved to consolidate the two cases, we would not have an issue with the statute of limitations, nor would there be an issue regarding [whether the amended complaint related back].
Id. (quoting Wilner v. White, 929 So.2d 343, 350 (Miss.Ct.App.2005)). We found that the above situation would constitute impermissible claim-splitting, stating:
Respectfully, the Court of Appeals is mistaken in its assumption that Wilner could have properly named the new parties in a separate complaint. Had Wil-ner done this, she would have offended the long-standing principal [sic] of law in Mississippi prohibiting a party from splitting a cause of action into the subject of two different actions, reaching back to this Court’s decision in Kimball v. Louisville and Nat’l R.R. Co., 94 Miss. 396, 48 So. 230 (1909). See also Harrison v. Chandler-Sampson Ins., Inc., 891 So.2d 224, 234 (Miss.2005); Alexander v. Elzie, 621 So.2d 909, 910 (Miss.1992).[5]
Wilner, 929 So.2d at 320. The Court of Appeals erred in construing Wilner as inapplicable to the facts of this case.
¶ 14. The correct analysis to apply when determining whether the “identity-of-parties” element is met is to anticipate whether a final judgment will preclude the parties from further litigation based on the same set of facts. See Katz, 655 F.3d at 1218. Carpenter argues, and the Court of Appeals agreed, that the “identity-of-parties” element was not met for purposes of a claim-splitting analysis because KTB and the other new defendants had not yet formally been added as a party to the Carpenter I litigation at the time Carpenter II was *826 filed; rather, the: motion to amend the complaint to add them as defendants to Carpenter I was merely pending.[6] Not only is that the incorrect analysis to determine the “identity-of-parties” element, but the timeline clearly demonstrate^ that the motion to add the defendants as formal parties to Carpenter I was approved while Carpenter II was pending. The defendants were formal parties to both litigations simultaneously until the motion to dismiss Carpenter / was granted. Carpenter was “maintain[ing] two actions on.the same subject in the same' court, against the same defendant at the sainé time.” See Sep. Op. ¶22 (quoting Curtis v. Citibank, N.A., 226 F.3d 133, 139 (2nd Cir.2000)). The identity-of-parties element was clearly met.
¶15. Contrary to the,-.separate opinion’s argument, the arrival of the final judgment to one of two pending duplicative actions does not eliminate the relevance of а, claim-splitting analysis; the question simply becomes, not whether a final judgment mil preclude the duplicative litigation, but whether the final judgment that has now arrived' currently. precludes the duplicative litigation. Both a judgment on the substantive merits of the case and a dismissal of parties with prejudice due to procedural bars are final judgments that will preclude the parties from further litigation on the same set of facts.1 The rules governing timely addition of defendants would be meaningless' if that procedural bar could be sidestepped by simply filing a second action in anticipation of an adverse ruling. Carpenter filed the second action in anticipation of, and in an attempt to sidestep, a final judgment that would preclude the defendants from litigation on this nucleus of facts.[7] This is exactly the type of scenario the claim-splitting doctrine is designed to protect against.
¶16. Carpenter argues that, since the defendants’ dismissal from Carpenter I was due to failure to get a hearing date in time,- and therefore was a dismissal for “form” rather than “substance,”: Carpenter should be preserved so that she does not lose her opportunity to bring the defendants into the litigation. The Court of Appeals opinion takes the position that consolidation -of the two cases on remand would result in the timely service- of process on the defendants in Carpenter II being imputed to Carpenter /. But “the rules nowhere contemplate the filing of duplicative law suits to avoid the statutes of limitations.... ” Serlin v. Arthur Andersen & Co., 3 F.3d 221, 224 (7th Cir, 1993). In Serlin, the Seventh Circuit affirmed dismissal of a duplicative action that was filed in an attempt to preserve a claim after service of process within the original action failed to conform with the rules. Id. at 221. The court stated:
Serlin claims that [a special consideration] exists in the present case because, if his second suit is dismissed as duplica-tive of his first, and if his first is dismissed ... for untimely service under Federal Rule 4(j), then he will be out of court and barred by the statute of limitations from refiling his ... complaint. *827 In light of this possible consequence, he argues, [the judge] abused his discretion in dismissing his complaint as duplica-tive.
This argument is without .merit— Alongside this wholly legitimate concern for wise judicial administration is the fact that even if Serlin eventually does find himself out of court, that result will be entirely a consequence of the plaintiffs own failure to follow the rules.
Id. at 224.
¶ 17. While we agree with Judge Krebs’s comment that “I’m not insensitive to the difficulty in getting a hearing, counselor,” no special circumstances are present to justify an exception to the procedural bar. The second motion to amend was filed almost a year after Carpenter became aware of the existence of the new defendants; multiple timely court dates were available for the parties to work with; Carpenter’s own attorney had limited availability, and no bad faith is evident from any of the parties regarding the scheduling. We find that the trial court correctly characterized Carpenter II as a violation of the doctrine against claim-splitting, and the Court of Appeals erred in construing Carpenter’s procedural maneuvers as a permissible tactic for avoiding the impending statute-of-limitations bar on the second amended complaint in Carpenter I.
¶18. Judge Jackson had dismissed the defendants with prejudice from Carpenter I by the time Judge Krebs dismissed Carpenter II. Because a final judgment is in play, we also apply a res judicata analysis to the dismissal of Carpenter II.[8] “The doctrine of res judicata bars -parties-from litigating claims -‘within the scope of the judgment’-in a prior action.” Anderson v. LaVere, 895 So.2d 828, 832 (Mlss.2004). “It is a doctrine of public policy designed to avoid the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibilities of inconsistent decisions.” Harrison, 891, So.2d at 232. The four identities Mississippi requires to be present for res judicata to apply are 1) identity of -the subject matter of the action;: 2) identity of the cause of action; 3) identity of the parties to the cause of action; and 4) identity of the quality of character of a person against whom the claim is made. Hill v. Carroll County, 17 So.3d 1081, 1085 (Miss.2009). The second amended complaint in Carpenter I and the complaint in Carpenter II contain the Same identities required above. We find therefore that the final judgment in Carpenter I precluded the defendants from .further participation in Carpenter II on the ground of res judicata.
CONCLUSION
¶ 19. The circuit, court appropriately dismissed the complaints filed against KTB, Inc., Coastal Masonry, Pro Mow Lawn Care, Inc., and Capital Security Services, Inc. The second amended complaint in Carpenter I was granted outside the limitations period, and the filing of Car- *828 pewter II violated this state’s long-standing prohibition on claim-splitting. - Judge Jackson’s final order dismissing the defendants from Carpenter I precluded the defendants’ participation in litigation brought by Carpenter on the same nucleus; of facts under the doctrine of res judicata,i ■ We therefore .reverse the judgment of the Court of Appeals and reinstate and affirm the respective judgments of the Jackson County Circuit Court dismissing Carpenter I and Carpenter II,
¶ 20. ■ THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED AND THE JUDGMENTS OF THE JACKSON COUNTY CIRCUIT COURT ARE REINSTATED AND AFFIRMED.
RANDOLPH, P.J., PIERCE AND COLEMAN, JJ., CONCUR. LAMAR, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS AND KING, JJ. WALLER, C.J., AND DICKINSON, P.J., NOT PARTICIPATING.

. This included the limited availability of Carpenter's attorney due in part to overseas military deployment. The court did not permit telephonic participation for this type of hearing.

. Carpenter had argried that the second amended complaint related back to the date of the original complaint under Mississippi Rule of Civil Procedure 9(h), thereby saving it from the statute-of-limitations bar. However, pursuant to the rules established by this Court in Curry v. Turner, 832 So.2d 508 (Miss.2002), and Wilner, 929 So.2d 315, Judge Jackson found that the defendants were not fictitious parties under Rule 9(h) because the names of the new defendants had not been properly submitted in lieu of the previously listed John Does, but rather were merely added in addition to the John Does. Therefore, the claims against them did not relate back to the original complaint. In support of the inapplicability of Rule 9(h), KTB and the other the new defendants submitted affidavits that they were not aware of the existence or grounds of Carpenter's suit until served process for the second amended complaint.

. The court also granted the dismissal on the ground of priority jurisdiction. The Court of Appeals disagreed with the circuit court on that issue. ■ Since we affirm dismissal on the ground of claim-splitting, we do not address priority jurisdiction.

. This standard does not extend to cases dismissed under the related doctrine of res judi-cata, or claim preclusion: "... different treatment is warranted because of the different results created by a dismissal under res judi-cata and claim splitting. A dismissal on res judicata grounds can stop a case in its tracks.... But with a dismissal on claim-splitting grounds, by its nature, the dismissed party is involved in another pending suit regarding the same subject matter against the same defendants.” Katz, 655 F,3d at 1219.

. Even if we were to view our discussion in 'Wilner as dicta, as the dissent would, the rationale of that discussion is exactly applicable here and is the rationale we adopt in the case at hand.

. The separate opinion similarly focuses on the timeline of the parties' formal participation in the -litigation. This is simply the incorrect standard to determine "identity-of-parties” and is irrelevant to a determination of whether Carpenter was attempting imper-missibly to sidestep a procedural- bar by bringing two suits against the same .party in the same court on the same set of facts.

. The final judgment would preclude a second action regardless of whether that judgment was in Carpenter’s favor, The significance in anticipating the procedural bar is anticipating a final judgment with prejudice, regardless of which party prevails.

. A res judicata analysis is relevant to this case in order to- prevent confusion regarding these related yet distinct doctrines. A claim-splitting analysis is applicable when the final judgment is still pending, which is why part of the analysis is to anticipate the implications of the future final judgment. But once a final judgment is in play, the implications of the final judgment can be decided affirmatively and, as noted earlier, are subject to a stricter standard of review. The respective motions to dismiss Carpenter I & II proceeded neclc- and-neek, and the chronological order in which the respective judgments of dismissal were entered is ultimately irrelevant and non-dispositive to our affirmation of both dismissals.