# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01380-COA

JIMI MOSELY, INDIVIDUALLY AND AS A                  APPELLANT
PERSONAL REPRESENTATIVE OF THE
ESTATE AND HEIRS-AT-LAW AND/OR
WRONGFUL DEATH BENEFICIARIES OF
GERBORIA MAYFIELD, DECEASED

v.

BAPTIST MEMORIAL HOSPITAL-GOLDEN            APPELLEES
TRIANGLE, INC., BRANDY ADAMS-HALL, R.N.
AND JENNIFER GILLIAM, R.N.

| | |
|---|---|
| DATE OF JUDGMENT: | 08/13/2015 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | CARLOS EUGENE MOORE |
| | TANGALA LANIECE HOLLIS |
| | TAMEIKA LADANYA BENNETT |
| | DARRYL ANTHONY WILSON |
| ATTORNEYS FOR APPELLEES: | DAVID W. UPCHURCH |
| | JOHN MARK MCINTOSH |
| | J. GORDON FLOWERS |
| | SCOTT FULLER SINGLEY |
| | LAUREN OAKS LAWHORN |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| TRIAL COURT DISPOSITION: | GRANTED APPELLEES' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT |
| DISPOSITION: | AFFIRMED - 04/25/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2015-CA-01517-COA

**JIMI MOSELY, INDIVIDUALLY AND AS**             **APPELLANT**
**PROPOSED GUARDIAN OF THE ESTATE OF**
**GERBORIA MAYFIELD, AND ON BEHALF OF**
**THE HEIRS AND WRONGFUL DEATH**
**BENEFICIARIES OF GERBORIA MONIQUE**
**MAYFIELD, DECEASED**

**v.**

**GREGORY W. CHILDREY, M.D.**             **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/08/2015 |
| TRIAL JUDGE: | LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | CARLOS EUGENE MOORE |
| | TAMEIKA LADANYA BENNETT |
| | TANGALA LANIECE HOLLIS |
| | DARRYL ANTHONY WILSON |
| ATTORNEYS FOR APPELLEE: | DAVID W. UPCHURCH |
| | JOHN MARK MCINTOSH |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| TRIAL COURT DISPOSITION: | DENIED APPELLANT'S PRETRIAL MOTION TO AMEND COMPLAINT |
| DISPOSITION: | AFFIRMED - 04/25/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     Gerboria Mayfield died at Baptist Memorial Hospital-Golden Triangle (BMH-GT) following complications from a cesarian section. Jimi Mosely, as representative of Mayfield's estate, brought a wrongful-death action based on the tort of medical negligence against Mayfield's doctor, Gregory Childrey,[1] and against BMH-GT (*Mosely I*). BMH-GT was dismissed without prejudice from the action pretrial due to Mosely's inadequate pleading

---

[1] Dr. Childrey was not directly employed by the hospital.

as to causation. Mosely's subsequent motion to amend the complaint to join BMH-GT back as a defendant was denied as untimely.[2] Mosely then filed a second action (*Mosely II*) naming BMH-GT and two nurses, Brady Adams-Hall and Jennifer Gilliam, as defendants. The court denied Mosely's motions to consolidate *Mosely I* and *Mosely II* and granted BMH-GT's and Gilliam and Adams-Hall's respective "Motion to Dismiss, or, in the Alternative, for Summary Judgment" in *Mosely II* on the ground that *Mosely II* was barred by the two-year statute of limitations. From *Mosely I*, Mosely appeals the pretrial denial of the motion to amend the complaint to join BMH-GT back into the action. From *Mosely II*, Mosely appeals the dismissal of the case with prejudice. We consolidated the two cases for appellate review. Finding no error in either case, we affirm.

## FACTS AND PROCEEDINGS BELOW

¶2.     On August 23, 2011, Mayfield died at BMH-GT from a perforated gastric ulcer several days after delivering twins via cesarian section. On October 22, 2013, her estate representative filed suit against both her treating physician and BMH-GT following compliance with the notice requirements of Mississippi Code Annotated section 15-1-36(15) (Rev. 2012). Presuit notice was given on August 21, 2013, one day prior to the expiration of the two-year statute of limitations.[3] The suit against BMH-GT was based on the theory of respondeat superior. No individual employees were named in the complaint or served with

_____

[2] Mosely's interlocutory appeal challenging the denial of the motion to amend was denied.

[3] This operated to extend the statute of limitations by sixty days as to the defendants given notice.

3

presuit notice.[4]

¶3.     On November 26, 2013, BMH-GT moved to be dismissed from the action due to the complaint's failure to allege proximate causation as to BMH-GT. Following a hearing held in January 2014, this motion was granted on March 27, 2014. On May 6, 2014, the parties entered into an agreed scheduling order setting the deadline for joinder of parties and amendments to the pleadings for June 1, 2014, with a trial date of November 17, 2014. A final judgment dismissing BMH-GT without prejudice was entered on May 12, 2014. On September 3, 2014, Mosely moved to amend her complaint to add BMH-GT back in as a defendant. The court denied the motion, stating in its order that the motion "should be denied because of the delay in seeking the relief at this time, which would cause undue burden and expense for the defendant."[5]

¶4.     On November 4, 2014, Mosely filed a new, separate complaint naming as defendants BMH-GT and two individual nurses involved in Mayfield's care, Gilliam and Adams-Hall. Mosely then filed a series of motions to consolidate *Mosely I* and *Mosely II*.  Mosely did not provide presuit notice to BMH-GT or to Gilliam and Adams-Hall prior to filing *Mosely II*. The motions to consolidate were denied. The defendants respectively moved to be dismissed from *Mosely II*. At the hearing on the motions to dismiss, Mosely conceded that the second

---

[4] The plaintiff originally proceeded under the erroneous assumption that Dr. Childrey was an employee of BMH-GT.

[5] This motion to amend was renewed almost a year later following the continuance of trial due to Mosely's failure to secure the attendance of her expert in time for the originally scheduled November 2014 trial. The motion was again denied as untimely. The trial was held in August 2015, and the jury entered a verdict in favor of Dr. Childrey. The jury verdict in favor of Dr. Childrey was not appealed.

4

action should be dismissed under *Arceo v. Tolliver*, 949 So. 2d 691, 697-98 (¶16) (Miss. 2006), due to lack of presuit notice, but argued that the dismissal should be without prejudice. Mosely then verbally renewed the motion to amend *Mosely I*.

¶5.     Noting that the only issue for it to decide was whether the dismissal should be with or without prejudice, the trial court dismissed Adams-Hall and Gilliam from *Mosely II* with prejudice due to the expiration of the statute of limitations. By a separate order, the trial court also dismissed BMH-GT from *Mosely II* with prejudice on the ground that expiration of the statute of limitations as to the employees extended to the employer where the sole complaint against the employer was on the basis of respondeat superior.

¶6.     Mosely appeals the denial of the motion to amend the complaint in *Mosely I*, the denial of the various motions to consolidate, and the dismissal of *Mosely II* with prejudice.

**DISCUSSION**

**I.      The trial court did not err in denying Mosely's motion to amend the complaint.**

¶7.     A trial court's grant or denial of a motion to amend the complaint is reviewed for abuse of discretion, and motions to amend should be denied where there has been undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, or where the amendment would cause undue prejudice to the opposing party or be futile. *Webb v. Braswell*, 930 So. 2d 387, 393 (¶9) (Miss. 2006); *Moeller v. Am. Guar. and Liab. Ins.*, 812 So. 2d 953, 962 (¶28) (Miss. 2002).

¶8.     Trial courts are required by Mississippi Rule of Civil Procedure 15(a) to provide plaintiffs an opportunity to amend complaints that have been dismissed pursuant to

5

Mississippi Rule of Civil Procedure 12(b)(6) "when justice so requires" and "upon conditions and within time as determined by the court."[6] M.R.C.P. 15(a). We find that the trial court satisfied the mandate of Rule 15(a) by approving a scheduling order that gave Mosely time to amend her complaint following BMH-GT's motion to dismiss under Rule 12(b)(6) for failure to state a claim, and that the trial court did not subsequently abuse its discretion in denying the motion to amend when the motion was filed three months after the scheduling deadline. *See Hartford Cas. Ins. v. Halliburton Co.*, 826 So. 2d 1206, 1219 (¶47) (Miss. 2001) (motion to amend properly denied as untimely when made after scheduling deadline).

¶9.     Mosely was put on notice of the complaint's failure to plead proximate causation as to BMH-GT when BMH-GT moved to dismiss in November 2013. Yet Mosely delayed until September 2014 before filing a motion to amend the complaint, by which time a hearing on the motion to dismiss had been held, the motion had been granted, and a new scheduling deadline granting Mosely time to cure the pleading defect had expired by a significant amount of time. The trial court therefore did not err in denying the motion to amend on the ground of undue delay.

II.     **The trial court did not err in granting the defendants' "Motion to Dismiss, or, in the Alternative, for Summary Judgment" with prejudice in *Mosely II*.**

---

[6] A previous version of Rule 15(a) provided that leave to amend following a 12(b)(6) dismissal was mandatory with a deadline of thirty days. Interpreting that earlier version of the rule, the Mississippi Supreme Court noted in *Poindexter v. S. United Fire Ins. Co.*, 838 So. 2d 964, 970 (¶29) (Miss. 2003), the absence of discretionary language such as "when justice so requires." While the new version of the rule maintains the mandatory "shall," it is clearly designed to give greater discretion to the trial court by replacing the thirty-day deadline with "within time as determined by the court" and adding "when justice so requires."

¶10. Statute-of-limitations issues are questions of law reviewed de novo. *Fletcher v. Lyles*, 999 So. 2d 1271, 1276 (¶20) (Miss. 2009).

¶11. The trial court correctly determined that Gilliam and Adams-Hall should be dismissed with prejudice from *Mosely II* due to the expiration of the two-year statute of limitations applying to torts sounding in medical negligence. Nurses Gilliam and Adams-Hall were not named as defendants in *Mosely I* and were not given presuit notice in either *Mosely I* or *II*. Therefore, the statute of limitations as to them expired on August 22, 2013, two years after Mayfield's death and months prior to the filing of *Mosely II.*

¶12. We also find that the trial court appropriately dismissed BMH-GT with prejudice when Mosely renamed BMH-GT as a defendant in *Mosely II*. As Mosely concedes, section 15-1-36(15) requires notice to be given prior to filing suit even if that defendant was properly served presuit notice in a previous action. *Arceo v. Tolliver*, 19 So. 3d 67, 71 (¶¶12-13) (Miss. 2009). But while, "[o]rdinarily, dismissal without prejudice is appropriate where . . . dismissal of a suit was based upon a plaintiff's failure to comply with statutory presuit notice provisions[,] . . . where a suit is dismissed for any reason and the statute of limitations has expired, dismissal with prejudice is warranted." *Id*. at 75 (¶42).

¶13. Specifically addressing the employee-employer relationship between a nurse and her employer in a wrongful-death action, the Mississippi Supreme Court held in *Lowery v. Statewide Healthcare Serv., Inc.*, 585 So. 2d 778, 780 (Miss. 1991), that "a suit barred by a statute of limitation against an agent will likewise bar the same claim against the principal whose liability is based solely upon the principal and agency relationship, and not some act

7

or conduct of the principal separate and apart from the act or conduct of the agent." The statute of limitations had expired as to Gilliam and Adams-Hall at the time *Mosely II* was filed. Because the claim against BMH-GT was based solely on the theory of respondeat superior, the statute had also expired as to BMH-GT.[7] Therefore, even if Mosely had served BMH-GT presuit notice prior to filing *Mosely II*, the action would still have been barred.

¶14. Mosely asserts that "the savings statute"—Miss. Code Ann. § 15-1-69 (Rev. 2012)—operates to make *Mosely II* timely filed. The statute does apply in medical-malpractice suits where a complaint was filed within the statute of limitations but the plaintiff failed to provide presuit notice. *Arceo*, 19 So. 3d 67. On the facts of this case, the savings statute would not apply to defendants Adams-Hall and Gilliam because they were not sued within the statute of limitations.

¶15. As to BMH-GT—who in *Mosely I* was timely given presuit notice and timely sued—Mosely is unable to point to any authority that indicates that the savings statute would apply to a situation in which a motion to amend was denied due to undue delay. Rule 15(a) operated to grant Mosely additional time to cure the defect in her pleading as to causation, and she did not take advantage of that opportunity.

¶16. Mosely also argues that she should be able to join Gilliam and Adams-Hall to *Mosely I* via Mississippi Rule of Civil Procedure 9(h). This argument is without merit. Rule 9(h)

---

[7] We note that *Mosely II* is also likely barred under the doctrine prohibiting claim-splitting, but do not find it necessary to arrive at that issue. *See Carpenter v. Kenneth Thompson Builder Inc.*, 186 So. 3d 820, 824 (¶11) (Miss. 2014) (filing a second action and moving to consolidate for the purpose of avoiding a procedural bar in the original action is prohibited).

provides for the substitution of parties via amendment to a complaint that named fictitious parties. Mosely did not name fictitious defendants in the *Mosely I* complaint or ever file a motion to amend *Mosely I* on Rule 9(h) grounds. She simply named Adams-Hall and Gilliam as defendants in a new, independent action more than two years after the statute of limitations had expired.

## CONCLUSION

¶17.   In *Mosely I*, the trial court did not abuse its discretion in denying the motion to amend as untimely. In *Mosely II*, the trial court did not err in finding the action barred with prejudice as to all defendants by the statute of limitations. The denial of the motions to consolidate were appropriate given the statute-of-limitations bar.

¶18.   **THE JUDGMENTS OF THE LOWNDES COUNTY CIRCUIT COURT ARE AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., GRIFFIS, P.J., ISHEE, CARLTON AND WESTBROOKS, JJ., CONCUR. IRVING, P.J., BARNES AND WILSON, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.  FAIR, J., NOT PARTICIPATING.**