# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-CA-01157-SCT

*STACY TRIPLETT*

*v.*

*SOUTHERN HENS, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/13/2016 |
| TRIAL JUDGE: | HON. DAL WILLIAMSON |
| TRIAL COURT ATTORNEYS: | GARY DALE THRASH |
| | CHRISTOPHER RAY FONTAN |
| | STEPHEN J. CARMODY |
| | EUGENE M. HARLOW |
| | ADAM FRAZIER THRASH |
| | LAUREN OAKS LAWHORN |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ADAM FRAZIER THRASH |
| | GARY DALE THRASH |
| ATTORNEYS FOR APPELLEE: | STEPHEN J. CARMODY |
| | CHRISTOPHER RAY FONTAN |
| NATURE OF THE CASE: | CIVIL - TORTS - OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 03/15/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., MAXWELL AND ISHEE, JJ.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1. Stacy Triplett filed three lawsuits against her former employer, Southern Hens—all stemming from an incident in which Triplett, while working, witnessed the gruesome death of a coworker. This incident caused Triplett mental anguish leading to an award of workers' compensation benefits. After Triplett allegedly incurred some trouble in collecting her award

of workers' compensation benefits, Triplett sued Southern Hens and Southern Hens's carrier, Liberty Mutual. Triplett's first lawsuit against Southern Hens, for failure to pay, ultimately was dismissed. Triplett then filed a second lawsuit against Southern Hens in the Jones County Circuit Court, this time for failure to report. But for whatever reason, Triplett failed to serve Southern Hens within 120 days, as required under Mississippi Rule of Civil Procedure 4(h).

¶2. With no official court action on her second suit, and admittedly knowing that she could not show good cause for failure to serve in the second suit, Triplett filed a third suit against Southern Hens in the Jones County Circuit Court. This suit, like Triplett's second one, was for failure to report. Aware of the second suit, the circuit court dismissed Triplett's third suit as an impermissible duplicative suit. Triplett appeals. Finding no error, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶3. In early September 2012, Triplett, an employee at Southern Hens working the night shift, witnessed the gruesome death of a coworker. The incident caused Triplett emotional trauma—for which she sought the medical treatment of a physician. The treating physician released Triplett from work and prescribed her medication coupled with counseling sessions.

¶4. While these facts are disputed, Triplett claims that Southern Hens received notice that her injury was work-related on several occasions between September 9, 2012, and October 10, 2012. Triplett claims that Southern Hens failed to timely report the claim to the insurer, Liberty Mutual—which led to an inexcusable delay of Triplett receiving her benefits. And so, in July 2013, Triplett filed a petition to controvert her claim with the Mississippi

2

Workers' Compensation Commission (the Commission), alleging that she had suffered a compensable injury in the course of her employment and she had suffered a disability as a result. Then in August 2013, Triplett filed a motion to compel medical benefits and weekly compensation against the employer and carrier. On October 17, 2013, the judge for the Commission entered an order in which the judge found no medical evidence to dispute Triplett's total-disability claim and also awarded Triplett a ten-percent penalty for untimely paid benefits. After the award, however, Triplett had trouble collecting the scheduled benefit payments from the insurer. Triplett's trouble in receiving timely payments led to three different lawsuits.

¶5.     First, on April 9, 2014, Triplett filed suit against Southern Hens and Liberty Mutual in the Jones County Circuit Court (***Triplett I***). In this suit, Triplett sued Southern Hens and Liberty Mutual for alleged bad faith and gross negligence relating to their alleged *failure to pay* her workers' compensation benefits in a timely manner. On May 13, 2014, Southern Hens and Liberty Mutual jointly removed the case to the United States District Court for the Southern District of Mississippi. On August 27, 2014, the United States District Court granted Southern Hens's Rule 12(b)(6) motion and dismissed Triplett's failure-to-pay lawsuit against Southern Hens. Specifically, the district court ruled that Triplett had failed to state a claim for relief against Southern Hens for alleged bad faith or gross negligence.

¶6.     Nearly ten months after filing her first suit, on June 9, 2015, Triplett filed a second suit against Southern Hens, again in the Jones County Circuit Court (***Triplett II***). This time, Triplett sued only Southern Hens, and did so under a new theory of liability—alleged bad

3

faith and gross negligence in *failing to report* her claim to Liberty Mutual in a timely manner. Even though she filed the claim, Triplett failed to serve Southern Hens with process within the mandatory 120-day period prescribed under the Mississippi Rules of Civil Procedure.

¶7. On December 22, 2015, with ***Triplett II*** still pending in the same court, Triplett filed a third lawsuit against Southern Hens in the Jones County Circuit Court (***Triplett III***). The legal theory on which Triplett sued on in this suit was the same as it was in ***Triplett II***—bad faith *failure to report*. Then on March 7, 2016, Southern Hens moved to dismiss ***Triplett III***. At the time it filed its motion, Southern Hens was unaware that ***Triplett II*** even existed—because the company never had been served with process in that suit. Oral argument on Southern Hens' motion was heard, and during the hearing, Triplett's counsel notified Southern Hens and the circuit court of the existence of ***Triplett II***—including the fact that Triplett never had served Southern Hens with process in that case. Following the hearing, the circuit court ordered both parties to provide supplemental briefing on the issue of whether ***Triplett II*** tolled the statute of limitations for purposes of ***Triplett III.***

¶8. On May 23, 2016, the circuit court dismissed ***Triplett II.*** And then finally, after reviewing the supplemental briefing, the circuit court dismissed ***Triplett III*** on July 13, 2016. The basis for the circuit court's dismissal was that—by filing ***Triplett III***—Triplett had violated Mississippi's rule prohibiting duplicative litigation (claim-splitting). The circuit court, however, declined to address the statute-of-limitations issue—as it was not dispositive.

¶9. On August 8, 2016, Triplett appealed the circuit court's dismissal of ***Triplett III***.

**STANDARD OF REVIEW**

4

¶10.    A motion to dismiss under Rule 12(b)(6) of the Mississippi Rules of Civil Procedure presents an issue of law, and it is reviewed de novo.  *Cook v. Brown*, 909 So. 2d 1075, 1077-78 (Miss. 2005).  Indeed, a Rule 12(b)(6) motion for failure to state a claim "tests the legal sufficiency of the complaint."  *Lang v. Bay St. Louis/Waveland Sch. Dist.*, 764 So. 2d 1234, 1243 (Miss. 1999).  This Court must affirm the grant of the circuit court's motion to dismiss if, taking the allegations in the complaint as true, there is no set of facts that would allow the plaintiff to prevail.  *Poindexter v. Southern United Fire Ins. Co.*, 838 So. 2d 964, 966–67 (Miss. 2003).

## DISCUSSION

¶11.    On appeal, Triplett argues that the circuit court erred in finding that, by filing her third lawsuit against Southern Hens while her second lawsuit was still pending, she violated Mississippi's prohibition on duplicative actions.

¶12.    Under Mississippi law, plaintiffs are prohibited from bringing duplicative actions.  *See Carpenter v. Kenneth Thompson Builder Inc.*, 186 So. 3d 820, 824-827 (Miss. 2014).[1]  This

---

[1]  We find it important to note that—as for the duplicative-claim analysis—the majority's opinion in *Carpenter* garnered only a plurality of the votes of this Court.  But the concerns which kept the separate opinion in *Carpenter* from joining the majority opinion do not apply here.  For one, the separate opinion, authored by Justice Lamar, took issue with the particular facts of *Carpenter*.  Specifically, the separate opinion did not agree that, in that case, the identity-of-the-parties element was met.  *Carpenter*, 186 So. 3d at 828 (Lamar, J., concurring in part, dissenting in part).  But *Carpenter* involved multiple defendants, and here, it is undisputed that *Triplett II* and *Triplett III* both dealt with the same singular defendant—Southern Hens.  What is more, the separate opinion in *Carpenter* seems to suggests that in this case, on these facts, there would be an impermissible duplicative action.  Indeed, the separate opinion noted that "[t]he majority correctly state[d] that 'plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.'"  *Id.* (quoting *Curtis v. Citibank*, 226 F. 3d 133, 139 (2d Cir. 2000)).  And here, you have two actions (*Triplett II* and *III*), on the same subject (failure

rule finds its roots in the policy rationale of judicial economy: it works to prevent the waste of scarce judicial resources and to foster "the efficient and comprehensive disposition of cases." *Id.* at 824 (citing *Katz v. Gerardi*, 655 F. 3d 1212, 1217 (10th Cir. 2011)). Indeed, we have held "[p]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* (quoting *Curtis v. Citibank*, 226 F.3d 133, 139 (2d Cir. 2000)). And "[u]nlike the doctrine of res judicata, a final judgment is not required in order to apply a claim-splitting analysis; rather, the test is 'whether the first suit, assuming it were final, would preclude the second suit.'" *Id.* at 825 (quoting *Katz*, 655 F. 3d at 1218-19).

¶13. Here, Triplett meets the test for duplicative actions as set forth in *Carpenter*. First, Triplett was maintaining two actions (*Triplett II* and *III*), on the same subject (bad-faith failure to report), against the same defendant (Southern Hens), at the same time. *See Carpenter*, 186 So. 3d at 824. And if this Court were to assume that Triplett's second suit against Southern Hens, for bad-faith failure to report, was final, it certainly would have precluded her third suit against Southern Hens, which also was for bad-faith failure to report. *See id.* at 825.

¶14. But Triplett contends that her case fails to meet this test. In fact, Triplett argues that she was not maintaining two actions at the same time. In making this assertion, Triplett argues that when she filed her third case, the second suit already was nullified due to her failure to serve process under Rule 4(h). Triplett's argument, simply put, is that there was

to report), filed in the same court (Jones County Circuit Court), against the same defendant (Southern Hens), and at the same time.

6

no duplicative action here because her second suit was dismissed by operation of Rule 4(h).

¶15.   Rule 4(h) requires service of the summons and complaint within 120 days of filing of the complaint, or the action shall be dismissed without prejudice unless "good cause" can be shown as to why service was not made within that period.  M.R.C.P. 4(h).  Triplett admits that she did not possess "good cause" as required under Rule 4(h).  Instead, what Triplett argues is that, once the 120-day period had passed, her second case (*Triplett II*) was dismissed by operation of Rule 4(h).  In other words, Triplett's position is that the circuit court need not dispose of the action for it to be dismissed.  But this argument runs counter to this Court's holding that, even after the 120-day period for service of process lapses, the trial court must formally dismiss the complaint before it becomes a nullity.  *Crumpton v. Hegwood*, 740 So. 2d 292, 294 (Miss. 1999) (holding that, at the end of the 120 days provided for under Rule 4(h), the statute-of-limitations period begins to run again, but the complaint itself is not automatically dismissed).

¶16.   Here, despite the fact that Triplett admittedly had no basis to seek an extension of time to effectuate service of process, the circuit court did not dismiss *Triplett II* until May 23, 2016—five months after she had filed the duplicative suit, *Triplett III.*  And so Triplett's second suit, despite her argument, technically was being maintained at the time she filed her third suit.  Because of this, we find Triplett's argument—that she was not maintaining two actions at the same time—unpersuasive.

¶17.   Next, in support of her contention that she was not maintaining two suits at the same time, Triplett argues that, at the time the order dismissing her third suit was rendered, her

second suit had been formally terminated. And so Triplett argues that she was not maintaining her second suit. We also find this argument unpersuasive. Triplett violated the prohibition of duplicative actions *at the moment she filed* her third suit, on December 22, 2015. At that time, both of Triplett's suits (***Triplett II*** and ***Triplett III***) were active, and thus, her third suit became null. That her second suit was dismissed before the circuit court's order dismissing her third suit is irrelevant.

¶18. And finally, Triplett argues that there was no evidence that she filed her third action to improperly extend a procedural right that she otherwise would not have had. Indeed in ***Carpenter***, we quoted an opinion from the Tenth Circuit Court of Appeals explaining that "a plaintiff may not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed." ***Carpenter***, 186 So. 3d at 824 (quoting ***Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.***, 296 F. 3d 982, 990 (10th Cir. 2002) (internal quotations omitted)). That said, we find this argument unpersuasive. For one, under ***Carpenter***, this is not the conclusive test for whether a plaintiff has violated the prohibition on duplicative actions; it is but a part of a broader consideration. Also, contrary to Triplett's assertion here, the record shows that, in filing her third suit, Triplett *did* extend a procedural right which she otherwise would not enjoy. Indeed, filing the third suit—had the circuit court allowed it to proceed—would have tolled the statute of limitations for her bad-faith, failure-to-report claim.

¶19. As for the ***Carpenter*** case itself, Triplett argues that the facts of that case are wholly distinguishable from the facts here. Indeed, in ***Carpenter***, the plaintiff, a year after filing her

8

suit, moved to amend the complaint to add new defendants. *Carpenter*, 186 So. 3d at 822. The motion to amend was filed within the statute of limitations. *Id.* Later, the plaintiff filed a second motion seeking leave to amend her complaint and unsuccessfully attempted to set a hearing on the motion before the expiration of the statute of limitations. *Id.* at 823. The circuit court ultimately approved the second amended complaint—after the statute of limitations had run. *Id.* Anticipating that the amendment would not be granted, the plaintiff filed a second complaint prior to the statute-of-limitations deadline. *Id.* The defendant then moved to dismiss both cases, and the circuit court dismissed the second suit, finding that it impermissibly split the plaintiff's claim. *Id.* On appeal, this Court affirmed the circuit-court judgment, holding that plaintiffs have no right to maintain two actions on the same subject, in the same court, against the same defendant, at the same time. *Id.* at 824.

¶20. We recognize that the facts of Triplett's case are not the same as the facts of *Carpenter*. Triplett was not awaiting a ruling on a motion before the circuit court; however, the plaintiff in *Carpenter* was. Additionally, the plaintiff in *Carpenter* filed the second action to bar the newly discovered defendants from raising a statute-of-limitations defense; while here, Triplett filed *Triplett III* against the same defendant (Southern Hens). So, while we are cognizant of the fact that these cases are not factually similar, we find that *Carpenter* is important here, not because of its specific facts, but because of the rule set forth in the opinion. And this rule gives us a test, which, as we explained above, is met here.

¶21. What is more, in expounding upon the rule prohibiting duplicative claims, this Court in *Carpenter* relied on a case from the Seventh Circuit Court of Appeals that is factually

9

similar to Triplett's case here. *See Carpenter*, 186 So. 3d at 826; *see also Serlin v. Arthur Anderson & Co.*, 3 F.3d 221 (7th Cir. 1993). In *Serlin*, the defendants moved to dismiss a complaint on grounds that it was not served within the time limits as set forth in Rule 4(j) of the Federal Rules of Civil Procedure. *Serlin*, 3 F.3d at 223. Realizing that the motion might not be ruled upon within the applicable statute of limitations, the plaintiff in *Serlin* filed a second complaint in the same court, against the same defendant. *Id.* Upon motion by the defendant, the trial court dismissed the plaintiff's second complaint as duplicative of his first one. *Id.* On appeal, the Seventh Circuit affirmed the dismissal as a duplicative action, which it found was filed in an attempt to preserve a claim after the plaintiff had failed to serve process in conformance with the rules in the original action. *Id.* at 221.

¶22. The facts of *Serlin* are similar to the facts here. Like the plaintiff in *Serlin*, Triplett, in *Triplett II*, failed to serve process on the defendants within the time frame (120 days) required under the rules. And so, knowing she could not show good cause, Triplett, just as like the plaintiff in *Serlin*, filed another suit, *Triplett III*—alleging the same cause of action, against the same defendant, in the same court. In fact, the only difference between the two cases is that in *Serlin*, there was a pending motion to dismiss for failure to timely serve process; where as here, there was no pending action on *Triplett II* relating to Triplett's failure to timely serve process. Indeed, the record shows that Southern Hens was not even aware of the second suit, *Triplett II*, for failure to report—as it had not been served with process.

¶23. That Triplett may find herself outside of the statute of limitations due to *Triplett III* being declared null is of no consequence. As the Seventh Circuit noted in *Serlin*, "even if

[the plaintiff] eventually does find himself out of court, that result will be entirely a consequence of the plaintiff's own failure to follow the rules." *Serlin*, 3 F.3d at 224. Additionally, the *Serlin* Court further noted that the plaintiff had legitimate methods to preserve his claim—for example, he could have promptly and voluntarily dismissed the case and then refiled it with proper service. *Id.* Here, by not effectuating service within 120 days, Triplett, like the plaintiff in *Serlin*, failed to follow the rules. And just as the Seventh Circuit noted, Triplett, like the plaintiff in *Serlin*, could have used legitimate means to preserve her claim—such as voluntarily dismissing *Triplett II.* But Triplett did not do this; she instead chose to file a duplicative claim in the same court, regarding the same matter, against the same defendant.

## CONCLUSION

¶24. In sum, we find that Triplett—by filing *Triplett III* while *Triplett II* was still pending—violated the prohibition against duplicative actions. Indeed, *Triplett III* was filed against the same defendant as in *Triplett II* (Southern Hens), in the same court as *Triplett II* (Jones County Circuit Court), and *Triplett III* sought the same relief sought in *Triplett II* (bad-faith failure to report). And so this Court must ask "whether the first suit, assuming it were final, would preclude the second suit." *See Carpenter*, 186 So. 3d at 825 (quoting *Katz*, 655 F. 3d at 1218-19). And to that end, we find that it would. For these reasons, we affirm the circuit court's dismissal of *Triplett III* as an impermissible duplicative action.

¶25. **AFFIRMED.**

**WALLER, C.J., RANDOLPH AND KITCHENS, P.JJ., KING, COLEMAN,**

11

**MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR.**